**UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

---

SOL-MM III LLC, as administrative agent,

                Plaintiff,

    - against -

JPMORGAN CHASE BANK, N.A., D5 HAWKS LLC,
WE TAHOE 1 LLC, WE TAHOE 2 LLC, NEW WEM
HOLDINGS AFFILIATE 1 LTD., NEW WEM
HOLDINGS AFFILIATE 2 LTD., NEW WEM
HOLDINGS LTD., MOA HOLDINGS III, LLC,
AMEREAM LLC, MEADOW A-B OFFICE LLC,
MEADOW C-D OFFICE LLC, MEADOW HOTEL
LLC, and MEADOW BASEBALL LLC

                Defendants.

Case No. 23-CV-06479-JGK

---

## STIPULATION AND PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff SOL-MM III LLC ("Plaintiff")

and Defendants JPMorgan Chase Bank, N.A., JPMorgan Chase Bank, N.A., D5 Hawks LLC, WE

Tahoe 1 LLC, WE Tahoe 2 LLC, New WEM Holdings Affiliate 1 Ltd., New WEM Holdings

Affiliate 2 Ltd., New WEM Holdings Ltd., MOA Holdings III, LLC, Ameream LLC, Meadow A-

B Office LLC, Meadow C-D Office LLC, Meadow Hotel LLC, and Meadow Baseball LLC

("Defendants"), by and through their respective attorneys, hereby stipulate and agree to the entry

of this Stipulation and Protective Order ("Stipulation and Order") in the above-captioned action.

For the following reasons, good cause exists for the issuance of this Stipulation and Order.

Discovery in this Action may involve the disclosure of sensitive internal communications, non-

public communications, and individuals' personal information, as well as certain trade secrets or

commercial information, including, but not limited to, financial, pricing, marketing and/or other

sensitive business information, in the possession of Plaintiff, Defendants and/or third parties.

Unrestricted disclosure of such information to a Party (as defined below), competitors, and/or other non-parties may be damaging and prejudicial to the interests of the Disclosing Person (as defined below).

    1.   <u>DEFINITIONS</u>.

    1.1   <u>Acknowledgment:</u> Refers to Exhibit A attached hereto, which must be executed by certain persons prior to the disclosure of "Confidential" or "Highly Confidential" Material as set forth in Section 5 of this Stipulation and Order.

    1.2   <u>Action:</u> *SOL-MM III LLC v. JPMorgan Chase Bank, N.A., et al.*, Case No. 1:23-cv-06479 (JGK)

    1.3   <u>"Confidential" Material:</u> Information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in the Action that the Disclosing Person reasonably and in good faith believes contains or would disclose non-public, confidential, proprietary, financial, customer, client or commercially sensitive information, confidential trade secrets or non-public research that requires the protections provided in this Stipulation and Order, including, but not limited to, any information that constitutes confidential information under the Federal Rule of Civil Procedure 26(c) or applicable laws or regulations. Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Confidential."

    1.4   <u>Confidential Supervisory Information</u>: Confidential Supervisory Information includes, but is not limited to, confidential supervisory information of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), non-public information of the Office of the Comptroller of the Currency or the former Office of Thrift Supervision as set forth in 12 C.F.R. § 4.32(b), exempt information of the Federal Deposit

Insurance Corporation as set forth in 12 C.F.R. §§ 309.2, 309.5, and 309.6, and confidential information of the Consumer Financial Protection Board as set forth in 12 C.F.R. § 1070.2, and any other records concerning supervision, regulation, and examination of banks, savings associations, their holding companies and affiliates, and records compiled in connection with the enforcement responsibilities of federal and state financial regulatory agencies that is not permitted to be disclosed to a third party absent consent of the applicable regulator or government agency. Confidential Supervisory Information also includes information that current and former employees, officers, and agents of federal financial regulatory agencies obtained in their official capacities. Confidential Supervisory Information shall be deemed to include all copies, abstracts, excerpts, analyses, or other writings or documents that contain, reflect, or disclose Confidential Supervisory Information.

1.5    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staff).

1.6    Disclosing Person: A Party or a non-party that produces Discovery Material in the Action.

1.7    Discovery Material(s): All information of any kind regardless of the medium or manner generated, stored, or maintained, including without limitation documents, electronically stored information ("ESI), trade data, initial disclosures, written discovery responses, deposition testimony, deposition exhibits, all expert reports and disclosures, all pretrial disclosures, and information derived directly therefrom, exchanged by, or obtained from any Party or Non-Party during discovery in this Action, including but not limited to documents or ESI previously produced in other cases or government investigations to the extent any Party is required to produce or agrees to produce such previously-produced information. Information copied or extracted from Discovery

3

Material, as well as all copies, excerpts, summaries, or compilations thereof, shall constitute Discovery Material. Any information obtained through means outside the court's discovery processes, such as through independent investigation, shall not constitute Discovery Material. Any person subject to this Stipulation and Order who receives from any other person any Discovery Material shall not disclose said Discovery Material to anyone else except as expressly permitted hereunder.

1.8    Expert: A person who is not an owner, director, officer, or employee of a Party, who has specialized knowledge or experience in a matter pertinent to this Action, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the prosecution or defense of the Action, including his or her employees and support personnel. This definition includes, without limitation, professional jury or trial consultants retained in connection with the Action.

1.9    Foreign Law Restricted Material: Any Discovery Material that, pursuant to any foreign law or regulation, is prohibited from being transferred to the United States and/or disclosed in connection with a legal proceeding.

1.10    Highly Confidential Material: Discovery Material that the Disclosing Person reasonably and in good faith believes contains (a) confidential trade secrets, personnel files of current or former employees, or sensitive financial information the disclosure of which to another Party of non-party would be likely to result in competitive or commercial harm to the Disclosing Party; (b) Personal Data, as defined herein; or (c) Non-Public Personal Financial Information, as defined herein.

1.11    In-House Counsel: Attorneys, paralegals, and other legal department personnel who are employees of a Party, to whom disclosure of Discovery Material is reasonably

necessary for this Action.

1.12    Non-Public Personal Financial Information:    Any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802 *et seq.* and its implementing regulations, or analogous state laws and regulations, including, but not limited to, any portion of a spreadsheet or other document or data set that includes financial or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work.

1.13    Outside Counsel: Attorneys, paralegals, and other law firm personnel, employees and contractors (including temporary or contract staff), who are not employees of a Party but who are retained to represent or advise a Party in connection with this Action.

1.14    Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.15    Personal Data: Any information related to, reflecting, associated with or identifying a natural person, other than Non-Public Personal Financial Information, that a Party or Disclosing Person (whether or not a Party) believes in good faith to be subject to federal, state or foreign data privacy, data protection laws or other privacy obligations. Personal Data constitutes material requiring special protection. Nothing in this section shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Personal Data."

1.16    Principal: An owner, officer, or executive of any Party whose identity as an owner, officer, or executive has been disclosed to all other Parties.

5

1.17   <u>Professional Vendors</u>: Persons or entities employed or contracted by the Parties or their Counsel to assist in the Action that provide litigation or trial support services (*e.g.,* photocopying; data processing; graphic production; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; mock jurors; investigators) and their employees and subcontractors.

1.18   <u>Protected Material</u>: Any Discovery Material that is designated as "Confidential," *provided, however,* that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).or "Highly Confidential."

1.19   <u>Receiving Party</u>: A Party or Non-Party that receives Discovery Material from a Disclosing Person in the Action.

1.20   <u>SAR Related Material</u>: Any Discovery Material that, pursuant to 31 U.S.C. 5318(g)(2)(A)(1), 31 C.F.R. § 1020.320, 12 C.F.R § 21.11, Section 314(a) or (b) of the PATRIOT ACT, 12 U.S.C. §§ 3414(a)(3) and (c) or any other applicable regulations concerning potential suspicious activity, is not permitted to be produced.

2.   <u>LIMITATION ON USE OF DISCOVERY MATERIAL</u>. All Discovery Material produced or disclosed in connection with the Action shall be used solely for the prosecution or the defense of the Action (including any attempted settlement thereof or appeal therefrom), or the enforcement of insurance rights with respect to the Action, and for no other purpose whatsoever, including use in other legal actions, present or future. The protections conferred by this Order cover not only Discovery Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected

6

Material.

Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing in connection with prosecuting or defending the claims in this Action so long as appropriate actions are taken to protect any Protected Material's confidentiality, such as filing the Protected Material under seal.

3.    DESIGNATING DISCOVERY MATERIAL.

3.1    Initial Designation. Any Disclosing Person may, subject to the provisions of this Stipulation and Order, designate Discovery Material as "Confidential" or "Highly Confidential." A Disclosing Person shall apply a confidentiality designation only when the party has a reasonable, good faith basis that the information so designated constitutes "Confidential" or "Highly Confidential" material. The protections conferred by this Stipulation and Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material to persons not authorized to receive such material.

3.2    Manner and Timing of Designations. Except as otherwise provided in this Stipulation and Order or as otherwise stipulated or ordered, Discovery Material must be designated for protection under this Stipulation and Order by clearly designating the material before it is disclosed or produced.

3.3    The designation of materials as either "Confidential" or "Highly Confidential" shall be made as follows:

3.3.1. For ESI, whenever possible, by imprinting "Confidential" or

7

"Highly Confidential" on the face of each page of a document so designated in a prominent place. If imprinting on the face of the document is not possible, then by (1) affixing a stamp with "Confidential" or "Highly Confidential" on the medium on which the electronic data is stored when copies are delivered to a Receiving Party; and (2) designating the production as "Confidential" or "Highly Confidential" in the transmittal cover letter.

3.3.2. For documents produced in native format, by including the confidentiality designation "Confidential" or "Highly Confidential" in the metadata produced for such documents or on the placeholder page.

3.3.3. For produced documents, by imprinting the words "Confidential" or "Highly Confidential" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials.

3.3.4. For written discovery responses, by imprinting the words "Confidential" or "Highly Confidential" next to or above any response to a discovery request or on each page of a response.

3.3.5. For depositions, by indicating in the record at the deposition which portions of the transcript and/or responses shall be treated as "Confidential" or "Highly Confidential." Alternatively, within thirty (30) days after receipt of the final transcript or recording of such deposition or other pretrial or trial proceeding, the offering or sponsoring Party may designate such transcript or recording or any portion or portions thereof as "Confidential" or "Highly Confidential" by notifying all other Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as Confidential Material or Highly Confidential Material. Any testimony which describes Discovery Material which has been designated as "Confidential" or "Highly Confidential" shall also be deemed to be designated as "Confidential"

or "Highly Confidential." All transcripts or recordings of depositions shall be treated as "Highly Confidential" for thirty (30) days after receipt of the transcript or recording or until written notice of a designation is received, whichever occurs first. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or as provided in Section 3.4 (Inadvertent Failures to Designate). If all or a part of a videotaped deposition is designated as "Confidential" or "Highly Confidential" the DVD, plus any container, shall be so labeled.

3.3.6. For all other Discovery Material, by placing or affixing on each page of such material (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

3.4    Inadvertent Failure to Identify Materials as "Confidential" OR "Highly Confidential". An inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential" does not, standing alone, waive the right to designate the Discovery Material as "Confidential" or "Highly Confidential," either as to the specific information disclosed or as to any other Discovery Material concerning the same or related subject matter. Any Disclosing Person who inadvertently fails to identify Discovery Material as "Confidential" or "Highly Confidential" shall have fifteen (15) business days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing the Receiving Party written notice of the error and producing substitute copies of the inadvertently produced Discovery Material with the correct designation. The Receiving Party shall thereafter treat the information as Confidential Discovery Material or Highly Confidential Discovery Material and shall take reasonable steps to return or destroy all prior copies of such inadvertently produced Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material or

Highly Confidential Discovery Material under the terms of this Stipulation and Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure.

    3.5    <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties</u>. Subject to the standards of Section 3, a Party may upward designate (*i.e.*, change any Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential" or designate any Discovery Material produced as "Confidential" to a designation of "Highly Confidential") any Discovery Material produced by another party or non-party, provided that said Discovery Material contains the upward designating Party's own Confidential or Highly Confidential information, as defined herein.

    3.5.1.  Upward designation shall be accomplished by providing written notice to all other Parties and the relevant Disclosing Person identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within thirty (30) days from the discovery by the Party that these Discovery Materials should be upward designated. The upward designated Discovery Material shall be reproduced by the Disclosing Party with the correct designation, and the Parties shall thereafter treat the upward designated Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material. The Disclosing Party shall take reasonable steps to destroy all prior copies of such upward designated Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Stipulation and Order, the Disclosing Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure. Failure to upward designate within thirty (30) days, alone, will not prevent a Party from obtaining the agreement of the

Disclosing Person to upward designate certain Discovery Material or from moving the Court for such relief.

3.6    <u>Upward Designations and Depositions</u>.  Should any Party seek to designate (or "upward designate") for the first time as "Confidential" or "Highly Confidential" any Discovery Material less than fifteen (15) business days before the date of a duly-noticed deposition of a deponent, then, notwithstanding any provision herein to the contrary, such Discovery Material may be shown to that deponent at his or her deposition provided that (a) the deponent is a current employee of the Disclosing Person (or, where relevant, of the "upward designating" Party); or (b) the requirements of Section 5 have otherwise been satisfied.

3.7    <u>De-Designations</u>.  If it comes to a Party's attention that any Discovery Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4.    <u>DISCLOSURE OF DISCOVERY MATERIAL PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT DOCTRINE, FEDERAL OR STATE REGULATION, OR FOREIGN LAW</u>.

4.1    This Stipulation and Order is without prejudice to any Disclosing Person's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work product doctrine, or is subject to any federal or state regulations prohibiting the disclosure of such material (including material that constitutes Confidential Supervisory Information or SAR Related Material), and is without prejudice to any Party's right to contest such a claim of privilege or protection.

4.2    Consistent with Federal Rule of Evidence 502(d), if a Party or non-party notifies any other Party that it disclosed Discovery Material that is (a) protected from disclosure under the attorney-client privilege, the work product doctrine, any other applicable privilege or immunity, or that is subject to any federal or state regulations prohibiting the disclosure of such material (including material that constitutes Confidential Supervisory Information or SAR Related Material) ("Privileged Material") or (b) Foreign Law Restricted Material and requests that such Discovery Material be returned, redacted, or destroyed, the disclosure shall not by itself be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any of the material or information relating thereto or on the same or related subject matter.

4.3    If a Disclosing Person believes that Privileged Material or Foreign Law Restricted Material was inadvertently produced, that Disclosing Person shall notify in writing any Party to which it produced the material of the claim of privilege or protection, specifying the Bates numbers, and the basis for such claim to the extent required by Federal Rule of Civil Procedure 26 (a "Privileged Material Notice"). When appropriate, the Disclosing Person will produce a redacted version of such Discovery Material to the Receiving Party.

4.3.1.    Subject to the provisions below in this paragraph, within ten (10) business days of receipt of a Privileged Material Notice, any Party to which the Privileged Material or Foreign Law Restricted Material was produced shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been , returned, or destroyed, and shall not use such items for any purpose until further order of the Court. If the Receiving Party has provided the Privileged Material at issue in the claw back, or copies thereof, to any other individuals or parties prior to receiving the Producing Party's notice of claw back, the Receiving

Case 1:23-cv-06479-JGK    Document 138    Filed 05/02/25    Page 13 of 32

Party shall undertake commercially reasonable efforts to return to the Producing Party, sequester, or destroy all copies of such Privileged Material that are in possession of those other individuals or parties. The Receiving Party may request an extension of the deadline for the return, sequestration, or destruction of retained copies, and such extension shall not be unreasonably withheld.

4.3.2. If the Receiving Party determines that it has received Discovery Material that constitutes Privileged Material or Foreign Law Restricted Material, the Receiving Party shall destroy or return all copies of such Discovery Material to the Disclosing Person within ten (10) business days of the discovery of such information and after Disclosing Person has produced a redacted version of such Discovery Material, shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been returned or destroyed, and shall not use such items for any purpose until further order of the Court. When appropriate, the Disclosing Person will provide a redacted version of such Discovery Material to the Receiving Party.

4.3.3. Should the Receiving Party to which any Privileged Material or Foreign Law Restricted Material was produced seek to challenge the designation of such material as privileged or protected, it shall notify the Disclosing Person in writing and shall not use or disclose the material until the claim is resolved. Following the receipt of any objection, the objecting Party and the Disclosing Person shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Person's designation of the material as privileged or protected. If the parties cannot resolve their disagreement, the objecting Party shall promptly present the issue to the Court for a determination of the Disclosing Person's claim of privilege or protection. The production of Privileged Material or Foreign Law Restricted Material, whether

inadvertent or otherwise, shall not itself serve as the basis of the motion. While any such motion is pending, the Discovery Material subject to that motion will be treated as privileged or protected until the Court rules. If the Court determines that such material is privileged or protected, the Receiving Party shall (to the extent it has not already done so), return or destroy such disclosed Privileged Material or Foreign Law Restricted Material and all copies thereof within (5) five business days of the Court's ruling.

5.    ACCESS TO AND USE OF PROTECTED MATERIAL.

5.1    Disclosure of Confidential Material: Unless otherwise ordered by the Court or permitted in writing by the Disclosing Person, a Receiving Party may disclose any information or item designated as "Confidential" only to the following persons:

5.1.1.    The Court and court personnel in the Action and any appellate court in the Action.

5.1.2.    The Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for the Action and their legal, clerical, or support staff, including temporary or contract staff.

5.1.3.    The Receiving Party's In-House Counsel to whom it is reasonably necessary to disclose the information for the Action.

5.1.4.    The Parties' insurers and insurers' counsel participating in matters relating to the Action and their legal, clerical, or support staff, including temporary or contract staff.

5.1.5.    The Receiving Party's Principals.

5.1.6.    Professional court reporters, their staffs, video operators transcribing depositions or testimony in the Action, and Professional Vendors to whom disclosure

14

is reasonably necessary for the Action.

      5.1.7.  Persons who Counsel have a good faith basis to believe are authors or recipients (including those referenced as "cc" or "bcc" recipients on a document (collectively, "cc's")) of the Confidential Discovery Material or who had access to or the authority to access or obtain such Confidential Discovery Material in the normal or authorized course of business (including but not limited to such Person's supervisor(s) at or after the time the material was created).

      5.1.8.  Any person who is a current employee of the Disclosing Person.

      5.1.9.  Any witness who is called, or who Counsel for a Party in good faith believes may be called, to testify at trial or deposition in the Action, provided that (1) the testimony of such person has been duly noticed, or such person has been identified as a person with knowledge in a party's initial disclosures or responses to interrogatories, or has been listed on a party's pre-trial witness list; and (2) such person has executed the Acknowledgment.

      5.1.10. Any Expert to whom disclosure is reasonably necessary for the Action, provided that the Expert has first executed the Acknowledgment, and further provided that any report created by such Expert that relies on or incorporates Confidential Discovery Material in whole or in part shall be designated as "Confidential" by the party responsible for its creation.

      5.1.11. Any mediator or arbitrator engaged by the Parties to the Action, provided such person has first executed the Acknowledgment.

      5.1.12. Any other person or entity who Counsel for the Disclosing Person agrees, after conferring in good faith, should have access to Confidential Discovery Material or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the

deponent is at issue), the Court orders may have access.

5.1.13. Any disclosure permitted by this Section may be made only to the extent reasonably necessary to prosecute or defend the Action.

5.2    Disclosure of "Highly Confidential" Material. Unless otherwise ordered by the Court or permitted in writing by the Disclosing Person, a Receiving Party may disclose any information or items designated as "Highly Confidential" only to the following persons:

5.2.1.   The Court and court personnel in the Action and any appellate court in the Action.

5.2.2.   The Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for the Action and their legal, clerical, or support staff, including temporary or contract staff.

5.2.3.   The Receiving Party's In-House Counsel to whom it is reasonably necessary to disclose the information for the Action.

5.2.4.   The Parties' insurers and insurers' counsel participating in matters relating to the Action and their legal, clerical, or support staff, including temporary or contract staff.

5.2.5.   Professional court reporters, stenographers, video operators transcribing depositions or testimony in the Action, and Professional Vendors to whom disclosure is reasonably necessary for the Action.

5.2.6.   Any person who Counsel has a good faith basis to believe authored or previously received the Highly Confidential Discovery Material (including "cc's"), or who had access to such Highly Confidential Discovery Material in the normal course of business in their capacity as a co-worker in the same business unit or as a direct or indirect supervisor of or

compliance monitor of an author, recipient, or "cc" of such material.

5.2.7. For employee personnel files and compensation information, the employee to whom the personal documents and information relates.

5.2.8. During the conduct of or in preparation for their depositions, to anyone who is a former or current employee of the Disclosing Person, provided that such person has executed the Acknowledgment;

5.2.9. Any Expert to whom disclosure is reasonably necessary for the Action, provided that the Expert has first executed the Acknowledgment, and further provided that any report created by such Expert that relies on or incorporates Highly Confidential Discovery Material in whole or in part shall be designated as "Highly Confidential" by the party responsible for its creation.

5.2.10. Any mediator or arbitrator engaged by the Parties to the Action, provided such person has first executed the Acknowledgment.

5.2.11. Any person or entity who Counsel for the Disclosing Person agrees, after conferring in good faith, should have access to Highly Confidential Discovery Material or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

5.2.12. Any disclosure permitted by this section may be made only to the extent reasonably necessary to prosecute or defend the Action.

5.3    Responsibility for Compliance. Counsel for the Party that discloses "Confidential" or "Highly Confidential" Discovery Material shall be responsible for assuring compliance with the terms of this Stipulation and Order with respect to persons to whom such

"Confidential" or "Highly Confidential" Discovery Material is disclosed and shall obtain and

retain the original Acknowledgements executed by qualified recipients of "Confidential" or

"Highly Confidential" Discovery Material (if such execution is required by the terms of this

Stipulation and Order).

6.    EFFECT OF STIPULATION AND ORDER.  To the extent any federal, state or

foreign law or other legal authority governing the disclosure or use of Personal Data or Non-

Public Personal Financial Information permits disclosure of such information pursuant to an

order of a court, this Stipulation and Order shall constitute compliance with such requirement.

7.    CONSENT TO DISCLOSURE OF US PERSONAL DATA OR NON-PUBLIC

PERSONAL FINANCIAL INFORMATION.   To the extent any United States federal or state

law or other United States legal authority governing the disclosure or use of Personal Data or

Non-Public Personal Financial Information ("Personal Data or Non-Public Personal Financial

Information Law") requires a Disclosing Person and/or Receiving Party to obtain a subpoena or

court order before disclosing any Personal Data or Non-Public Personal Financial Information,

in light of the protections provided for in this Order, the volume of documents to be produced

and the ongoing oversight of the Court, this Order shall constitute an express direction that the

Disclosing Person and/or Receiving Party is exempted from obtaining such court-ordered

subpoena, having to notify and/or obtain consent from any person or entity prior to the disclosure

of Personal Data or Non-Public Personal Financial Information in the Action, and/or having to

provide a certification that notice has been waived for good cause.  To the extent that any

Personal Data or Non-Public Personal Financial Information Law requires that any person or

entity be notified prior to disclosure of Personal Data or Non-Public Personal Financial

Information except where such notice is prohibited by court order, this Order shall constitute an

express direction that Disclosing Persons and Receiving Parties are prohibited from providing

such notice in the Action; provided, however, that this Stipulation and Order shall not prohibit

any Disclosing Person and/or Receiving Party from contacting any person or entity for any other

purpose. Any Disclosing Person or Receiving Party may seek additional orders from the Court

that such Party believes may be necessary to comply with any Personal Data or Non-Party

Financial Information Law.

8.    COURT FILINGS.  Any Receiving Party who seeks to file with the Court any

Discovery Materials that have previously been designated by any Disclosing Person as

"Confidential" or "Highly Confidential," shall either (a) obtain the Disclosing Person's

permission to remove the "Confidential" or "Highly Confidential" designation for the

Discovery Material, or (b) filed under seal and/or in redacted form in accordance with the

Federal Rules of Civil Procedure, the Local Rules of United States District Courts for the

Southern and Eastern Districts of New York, and the Individual Practices of the Honorable

Judge Koeltl and accompanied by a motion requesting authorization to file under seal where

required by such rules and practices.[1]

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

OTHER LITIGATION.

9.1    If, at any time, any Discovery Material governed by this Stipulation and

Order are subpoenaed from any Party by any court, administrative or legislative body, or by any

---

[1] Pursuant to the Individual Practices of the Honorable Judge Koeltl § VII(A)(1) and Federal Rule of Civil Procedure 5.2, the Parties shall redact sensitive information (such as Social Security numbers; names of minor children; dates of birth; and financial account numbers) without need to seek prior permission from the Court. Other information (such as, personal identifying numbers; medical records, treatment and diagnosis; employment history; individual financial information; proprietary or trade secret information; home addresses; and information regarding an individual's cooperation with the government) should likewise be treated with caution and "must not be included in any document filed with the Court unless such inclusion is necessary and relevant to the case. If such information must be included, personal identifiers must be partially redacted[.]" *See* The Individual Practices of the Honorable Judge Koeltl § VII(A)(1).

other person or entity purporting to have authority to require the production thereof, the Party to which the subpoena is directed shall, to the extent permitted by applicable law and the rules and requirements of any relevant governmental or regulatory authority, promptly, and in no event more than five (5) business days after receipt of the subpoena, if reasonably practicable, give written notice to the relevant Disclosing Person and must include a copy of the subpoena or request.

9.2     The Party to whom the subpoena is directed also must immediately inform in writing the person who caused the subpoena to issue that some or all of the material covered by the subpoena is the subject of this Stipulation and Order and deliver a copy of this Stipulation and Order promptly to the person who cause the issuance of the subpoena.

9.3     To the extent permitted by law, the Party to which the subpoena is directed shall not produce material for at least ten (10) business days after notice of the subpoena is provided to the Disclosing Person in order to provide the Disclosing Person a reasonable period of time in which to seek to quash, limit or object to the subpoena, or to move for any protection for the Discovery Material.

9.4     If the Party to which the subpoena is directed is compelled by applicable law or a court order to respond to the subpoena or request in less than ten business (10) days, the Party to whom the subpoena is directed shall, to the extent permitted by law, notify the Disclosing Person of this fact. In no event shall such Discovery Material subject to this Order and Stipulation be produced to a third party by a Party pursuant to a subpoena without providing the Disclosing Person an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law. In the event that Discovery Material designated as "Confidential" or "Highly Confidential" under this Order and Stipulation is produced in response to a subpoena, the recipient of the subpoena shall take commercially reasonable steps to ensure that the protections afforded

under this Order and Stipulation shall continue to apply to such Discovery Material.

9.5    The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Order and to afford the Disclosing Person an opportunity to protect its confidentiality interest in the court from which the subpoena or order is issued. The Disclosing Person shall bear all responsibility for any objections to the production of such Discovery Material, except that a Party receiving any subpoena shall not voluntarily make any production to a third party of a Disclosing Person's "Confidential" or "Highly Confidential" Discovery Material until resolution of any objections interposed by the Disclosing Person, unless compelled by court order issued after giving notice to the Disclosing Person. Nothing in this Stipulation and Order shall be construed as authorizing or requiring a Party or non-party to disobey any law, court order, or information request or subpoena from any federal, state, or foreign regulatory agency or self-regulatory organization requiring the production of Discovery Material, or as limiting the authority of the Court.

10.    <u>CHALLENGES TO DESIGNATIONS</u>.

10.1    Entry of this Stipulation and Order shall be without prejudice to any Party's motion for relief from or the modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or ESI, or other information in the course of the Action. If, at any time, a Party objects to a designation or upward designation of Discovery Material as "Confidential" or "Highly Confidential," that Party shall notify the Disclosing Person (or the designating Party, as applicable), in writing, of its disagreement and specifically identify the information in dispute.

10.2    Following receipt of the written notification under section 9.1 of this Stipulation and Order, counsel for the Disclosing Person (or the designating Party, as applicable)

and the Party challenging the designation shall meet and confer in an effort to resolve any disagreement. If, despite their good faith effort, the Parties do not resolve their disagreement within ten (10) days of the Disclosing Person's or Receiving Party's receipt of the written notice, any Party contesting the designation may thereafter apply to the Court on notice, consistent with the governing local rules and individual practices of the assigned judge, on the propriety of the designation.

    10.3   Where a Party challenges a designation of "Confidential" or "Highly Confidential" as a result of such a designation, the challenging Party must initiate the motion before the Court, but it is the burden of the Disclosing Person (or the designating Party, as applicable) seeking protection under this order to demonstrate that the designation is appropriate.

    10.4   Until the Receiving Party applies to the Court for a ruling on the designation and until the Court rules on that motion, the Discovery Material in question will be treated as "Confidential" or "Highly Confidential" under this Stipulation and Order, and a challenge under this section shall not affect a Party's right of access to "Confidential" or "Highly Confidential" Discovery Material or to disclose information as provided for in this Stipulation and Order. A Party does not by itself waive its right to challenge a "Confidential" or "Highly Confidential" designation by not electing to mount a challenge promptly after the original designation is made.

    11.   <u>INADVERTENT DISCLOSURE OF PROTECTED MATERIAL BY RECEIVING PARTY</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must, as soon as practicable, but in any event, not longer than five (5) business days after discovery of the disclosure by Counsel, (a) notify in writing the Disclosing Person of the unauthorized disclosures; (b) make commercially

Case 1:23-cv-06479-JGK   Document 138   Filed 05/02/25   Page 23 of 32

reasonable efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order; and (d) request such person or persons to execute the Acknowledgement.   Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to withhold the disclosed document or information as Protected.

12.   USE   AND   DISCLOSURE   OF   INDEPENDENTLY   OBTAINED INFORMATION. Nothing herein shall impose any restriction on the use or disclosure by a Party or its agent of its own information, or of publicly available information, or of information lawfully available to that party, or of information that lawfully came into the possession of the Party independent of any disclosure of Discovery Material made in the Action.

13.   ADVICE TO CLIENT. Nothing in this Stipulation and Order will bar or otherwise restrict Counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "Confidential" or "Highly Confidential" material in rendering such advice.

14.   PRE-TRIAL APPLICATION ONLY. This Stipulation and Order shall apply to pre-trial proceedings in the Action and shall have no application at trial. The Parties agree to confer in good faith on a protective order to govern during trial in the Action. This Stipulation and Order, however, shall remain in effect until such time as an order to govern trial proceedings is entered.

15.   DURATION OF ORDER/RETURN OF DISCOVERY MATERIAL.   All provisions of this Stipulation and Order restricting the use of Discovery Material shall continue to be binding after the conclusion of the Action unless otherwise agreed or ordered by the Court. Within ninety (90) days of the conclusion of the Action (whether by entry of a final order of

dismissal, judgment, settlement, or disposition on appeal, or otherwise, and where the time for any further appeals has expired), all Parties in receipt of Discovery Material in the Action shall make commercially reasonable efforts to either return such materials and copies thereof to the Disclosing Person or destroy such materials and certify that fact. The Receiving Party is not required to return or destroy Discovery Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) is located in the email archive system or archived electronic files of departed employees; (iii) must be retained pursuant to the Receiving Party's legal or regulatory retention obligations or (iv) is subject to legal hold obligations; provided however, that these materials continue to be subject to the terms of this Stipulation and Order. Backup storage media will not be restored for purposes of returning or certifying destruction of Discovery Material but such retained information shall continue to be treated in accordance with the Stipulation and Order. Counsel of record shall also be permitted to keep a copy of Discovery Material to the extent that it is incorporated into any pleadings, motions, or other work product. In that case, counsel of record shall continue to treat the Discovery Material in accordance with this Stipulation and Order. Upon request, counsel of record shall certify in writing that they have complied with this section.

16.    RESERVATION OF RIGHTS. Nothing contained in this Stipulation and Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any Party as an admission by another Party. Nothing in this Stipulation and Order shall be deemed an admission that any particular information designated as "Confidential" or "Highly Confidential" is entitled to protection under the Stipulation and Order, Federal Rule of Civil Procedure 26(c), or any other law. Nothing in this Stipulation and Order shall be construed as granting any person or entity a right to receive specific "Confidential" or "Highly Confidential"

information where a court has entered an order precluding that person or entity from obtaining access to that information. The Parties specifically reserve the right to challenge the designation of any particular information as "Confidential" or "Highly Confidential." The Parties agree that by stipulating to entry of this Stipulation and Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Order. Nothing in this Stipulation and Order shall affect the right of any party or non-party to oppose any request for discovery or any ground permitted by the Federal Rules of Civil Procedure or any other applicable law, and no party shall be deemed by virtue of this Order to have waived any right it otherwise would have to object to disclosing or producing any matter on any such ground. Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Discovery Material covered by this Stipulation and Order.

17.   <u>STANDARD OF CARE</u>.

17.1    The recipient of any Discovery Material shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of such material. Discovery Material shall not be copied, reproduced, extracted or abstracted, except to the extent that such copying, reproduction, extraction or abstraction is reasonably necessary for the conduct of the Action. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Stipulation and Order and labeled in the same manner as the designated material on which they are based.

17.2    In addition, the recipient of "Confidential" or "Highly Confidential" Discovery Materials shall protect these materials with the same degree of care that they use to protect and safeguard their own like information. Such measures shall include, but are not limited

to, restricting access to the data to persons employed by Counsel or Experts who are actively assisting Counsel and Experts in the Action, and ensuring that the data is not copied, reproduced, extracted or abstracted except to the extent that such acts are reasonably necessary for the conduct of the Action. Any such copies, reproductions, extractions or abstractions are "Confidential" or "Highly Confidential" Discovery Materials and are subject to the same restrictions and controls.

18.  USE AND DISCLOSURE OF OWN INFORMATION. Nothing in this Stipulation and Order shall be construed to limit any Disclosing Person's use or disclosure of its own documents, materials, or information that have been designated as "Confidential" or "Highly Confidential" pursuant to this Stipulation and Order.

19.  EFFECT ON OTHER AGREEMENTS. Nothing in this Stipulation and Order shall be construed to effect, amend, or modify any existing confidentiality agreements between, or protective orders applicable to, any of the parties hereto.

20.  MODIFICATION. This Stipulation and Order may be changed only by agreement of the parties hereto or by an order of this Court. Except as provided herein, this Stipulation and Order shall not prejudice the right of any party or non-party hereto to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modification of this Stipulation and Order upon notice to all other Parties and affected non-parties.

21.  NON-PARTY DISCOVERY.

21.1  The Parties shall serve a copy of this Stipulation and Order simultaneously with any subpoena or other request for documents or information issued to any non-party in connection with the Action. Any Party may petition the Court to seek to enforce compliance with any non-party subpoena served in this matter by any other Party, provided that nothing herein shall be construed to prevent or limit any non-party from opposing such petition or from petitioning or

applying to the Court or other authorities for protective measures in connection with such non-party subpoenas.

21.2    A non-party from which discovery is sought by one or more Parties to the Action may designate Discovery Material that it produces as "Confidential" or "Highly Confidential" consistent with Section 3 and the other terms of this Stipulation and Order. Under such circumstances, Discovery Material designated "Confidential" or "Highly Confidential" by a non-party shall be assigned the same protection as Discovery Material so designated by a party that is a Disclosing Person, and all duties applicable to a Party that is a Disclosing Person under this Stipulation and Order shall apply to the non-party Disclosing Person.

22.    NEW PARTIES TO THE ACTION. In the event that additional persons or entities become parties to the Action, such parties shall not have access to Confidential or Highly Confidential Material produced by or obtained from any Disclosing Person until the newly joined parties or their counsel endorse a copy of the Acknowledgement and file it with the Court.

23.    COURT RETAINS JURISDICTION. The Court retains jurisdiction even after final disposition of this Action to enforce this Stipulation and Order by the sanctions set forth in Rule 37 of the Federal Rules of Civil Procedure and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Stipulation and Order in contempt and to make such amendments, modifications, deletions, and additions to this Stipulation and Order as the Court may from time to time deem appropriate.

24.    GOVERNING LAW. Except to the extent that federal law may be applicable, this Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles.

25.    EXECUTION. This Stipulation and Order may be executed in counterparts. This

Stipulation and Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

Dated:    New York, New York
          May 2, 2025

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By:         /s/ Janice Mac Avoy
    _____
              Janice Mac Avoy

One New York Plaza
New York, New York 10004-1980
(212) 859-4000
janice.macavoy@friedfrank.com

HOGAN LOVELLS LLP

William J. Trunk
555 13th Street, NW
Washington, DC 20004
(202) 637 6582
william.trunk@hoganlovells.com

*Attorneys for Defendants JPMorgan Chase Bank, N.A., D5 Hawks LLC, WE Tahoe 1 LLC and WE Tahoe 2 LLC*

KASOWITZ BENSON TORRES LLP


By:         /s/ Sheron Korpus
    _____
              Sheron Korpus

1633 Broadway
New York, NY 10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800
skorpus@kasowitz.com

*Attorneys for Defendants New WEM Holdings Affiliate 1 Ltd., New WEM Holdings Affiliate 2 Ltd., New WEM Holdings Ltd., MOA Holdings III, LLC, Ameream LLC, Meadow A-B Office LLC, Meadow C-D Office LLC, Meadow Hotel LLC and Meadow Baseball LLC*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:    /s/ Eric Winston
         Eric Winston

Eric Winston (pro hac vice)
Savannah T. Slotkin (pro hac vice)
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
213-443-3000 Main Office Number
213-443-3100 Fax
ericwinston@quinnemanuel.com
savannahslotkin@quinnemanuel.com

Adam Abensohn
Laura Santos-Bishop
295 5th Avenue
New York, NY 10016
Tel:    (212) 849-7000
Fax:    (212) 849-7100
adamabensohn@quinnemanuel.com
laurasantosbishop@quinnemanuel.com

*Attorneys for Plaintiff SOL-MM III LLC*

\*\*\*\*

IT IS SO ORDERED

**ORDER**

Dated:  5/5/25

John G. Koeltl
United States District Judge

This Order is not binding
on the Court or Court personnel.
The Court reserves the right to
amend it at any time.
SO Ordered.

5/5/25    U.S.D.J.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

SOL-MM III LLC, as administrative agent,

                    Plaintiff,

         - against -

JPMORGAN CHASE BANK, N.A., D5 HAWKS LLC,
WE TAHOE 1 LLC, WE TAHOE 2 LLC, NEW WEM
HOLDINGS AFFILIATE 1 LTD., NEW WEM
HOLDINGS AFFILIATE 2 LTD., NEW WEM
HOLDINGS LTD., MOA HOLDINGS III, LLC,
AMEREAM LLC, MEADOW A-B OFFICE LLC,
MEADOW C-D OFFICE LLC, MEADOW HOTEL
LLC, and MEADOW BASEBALL LLC

                  Defendants.

Case No. 23-CV-06479-JGK

**ACKNOWLEDGMENT FOR THE USE OF CONFIDENTIAL INFORMATION**

I, _____, state that:

    1.    My business address is _____ .

    2.    My present employer is _____.

    3.    My    present    occupation    or    job    description    is

_____.

    4.    I have received a copy of the Stipulation and Order (the "Stipulation") entered in

the above-caption action (the "Action") on _____.

    5.    I have carefully read and understand the provisions of the Stipulation.

    6.    I will comply with all of the provisions of the Stipulation.

7.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this Action, any Confidential or Highly Confidential Material that is disclosed to me.

8.      At the conclusion of my work on this matter, I will return or destroy, to the extent permitted by law, all Confidential or Highly Confidential Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential or Highly Confidential Material.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this Action.


Dated: _____          By: _____