**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SOL-MM III LLC,

               Plaintiff,

    - against -

JPMORGAN CHASE BANK, N.A., ET AL.,

               Defendants.

---

**23-cv-6479 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

This case concerns the financing for the development of the American Dream Mall. The plaintiff brought this action against two sets of defendants: the JPM Defendants and the American Dream Defendants.[1] By Memorandum Opinion and Order dated March 27, 2025 (the "Opinion"), the Court granted in part and denied in part the defendants' motions to dismiss the Second Amended Complaint (the "SAC"). SOL-MM III LLC v. JPMorgan Chase Bank, N.A., No. 23-cv-6479, 2025 WL 936414 (S.D.N.Y. Mar. 25, 2025) ("MTD Op."). The American Dream Defendants have now moved for partial reconsideration. ECF No. 128.

The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court. U.S.

---

[1] The JPM Defendants are: JPMorgan, D5 Hawks LLC, WE Tahoe 1 LLC, and WE Tahoe 2 LLC. The American Dream Defendants are: New WEM Holdings Affiliate 1 Ltd., New WEM Holdings Affiliate 2 Ltd., New WEM Holdings Ltd., MOA Holdings III, LLC (the "MOA Guarantor"), Ameream LLC, Meadow A-B Office LLC, Meadow C-D Office LLC, Meadow Hotel LLC, and Meadow Baseball LLC. Any other capitalized terms not defined in this Order have the same meaning as in the Court's March 27, 2025 Memorandum Opinion and Order.

Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC, 859 F. Supp. 2d
602, 610 (S.D.N.Y. 2012). "[R]econsideration will generally be
denied unless the moving party can point to controlling
decisions or data that the court overlooked—matters, in other
words, that might reasonably be expected to alter the conclusion
reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d
255, 257 (2d Cir. 1995).[2]

    The American Dream Defendants seek reconsideration of that
part of the Opinion that denied their motion to dismiss Count
III of the SAC as to the MOA Guarantor. In Count III, the
plaintiff brought fraudulent transfer claims against the JPM
Defendants and the MOA Guarantor, alleging that the transfer of
the MOA Equity in 2021 and the capping of the corresponding
Reimbursement Claims constituted fraudulent transfers under the
Minnesota Uniform Voidable Transactions Act. SAC ¶¶ 277-91, ECF
No. 73. In relevant part, with respect to the alleged capping of
the MOA Guarantor's Reimbursement Claims at $1 million, the
Court concluded that the plaintiff failed to allege that the JPM
Defendants were proper defendants and dismissed Count III as to
the JPM Defendants. MTD Op. at *16. However, the Court declined
to dismiss Count III as to the MOA Guarantor. Id. at *16-17. The
American Dream Defendants argue that, in denying the motion to

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal
alterations, citations, footnotes, and quotation marks in quoted text.

dismiss Count III as to the MOA Guarantor, the Court overlooked the fact that the plaintiff added the MOA Guarantor to Count III "as a nominal defendant only." See Am. Dream Defs. Mem. at 1, 3, ECF No. 129 (quoting Pltf. Opp. to Mot. to Dismiss at 17 n.10, ECF No. 101). According to the American Dream Defendants, once the Court dismissed the fraudulent transfer claim asserted in Count III against the JPM Defendants (the real parties in interest), the Court should have dismissed the claim brought against the MOA Guarantor as well.

In response, the plaintiff does not dispute its previous admission that the MOA Guarantor "was added to Count II[I] as a nominal defendant only." Pltf. Opp. to Mot. to Dismiss at 17 n.10. Rather, the plaintiff contends that the American Dream Defendants failed to raise explicitly the MOA Guarantor's "nominal defendant" status as an independent basis for dismissal on the motion to dismiss and that the Court therefore did not "overlook" this ground for dismissal. The plaintiff further argues that the plaintiff is entitled to seek declaratory relief against the MOA Guarantor with respect to Count III, notwithstanding the "nominal defendant" label assigned to the MOA Guarantor.

The Opinion overlooked the plaintiff's admission that the MOA Guarantor was a nominal defendant with respect to Count III. The MOA Guarantor's status as a nominal defendant was presented

3

to the Court—by the plaintiff, no less—on the motion to dismiss.
Although the MOA Guarantor did not initially argue for dismissal
based on its nominal status, the American Dream Defendants
correctly point out that the claim against the JPM Defendants
had not been dismissed yet, and therefore there was no reason at
that point for the MOA Guarantor to raise its nominal status as
an independent basis for dismissal. In short, the fact of the
MOA Guarantor's nominal status was properly before the Court.
"[O]verlooked factual matters that might reasonably be expected
to alter the conclusion reached" by the Court can be a basis for
granting reconsideration. Raffles Tree Apparel Pte. Ltd. v. A
Base IX Co. LLC, No. 18-cv-5791, 2019 WL 1447214, at *1
(S.D.N.Y. Mar. 11, 2019); see also Building Serv. 32B-J Pension
Fund v. Vanderveer Ests. Holding, LLC, 127 F. Supp. 2d 490, 494
(S.D.N.Y. 2001) (granting reconsideration where the court's
earlier opinion "failed to address the legal effect" of a fact
previously presented to the court).

On the motion to dismiss, the plaintiff admitted that it
added the MOA Guarantor to Count III "as a nominal defendant
only," and the American Dream Defendants cited that admission in
their reply. See Pltf. Opp. to Mot. to Dismiss at 17 n.10; Am.
Dream Defs. Reply in Support of Mot. to Dismiss at 8, ECF No.
105. Generally, a nominal defendant "is not a real party in
interest . . . because [it] has no interest in the subject

4

matter litigated," and often is "joined purely as a means of facilitating collection." <u>S.E.C. v. Cherif</u>, 933 F.2d 403, 414 (7th Cir. 1991); <u>see also, e.g.</u>, <u>Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.</u>, 521 F. Supp. 1046, 1048 (S.D.N.Y. 1981) ("A party to an action is nominal or formal if no cause of action or claim for relief is or could be stated against him or on his behalf, as the case may be."). It follows that where a plaintiff fails to state a claim against the real parties in interest, the claim against a nominal defendant must also fail. <u>See</u> <u>Zouvelos v. Surety Fin. of Am., Inc.</u>, No. 16-cv-1851, 2017 WL 5558636, at *8 & n.10 (E.D.N.Y. Mar. 30, 2017). Accordingly, the Opinion should have dismissed Count III as to the MOA Guarantor—the nominal defendant—once the Opinion dismissed Count III as to the JPM Defendants—the real parties in interest.

With respect to the plaintiff's argument that it is entitled to sue the MOA Guarantor for declaratory relief on Count III, it is far from clear that the SAC sought such relief. In any event, on the motion to dismiss, the Court did not have occasion to consider the arguments now raised by the plaintiff for why the plaintiff can seek a declaration against the MOA Guarantor as a defendant in its own right regarding the fraudulent transfer alleged in Count III. Therefore, the American Dream Defendants' motion for partial reconsideration is **granted** without prejudice to the plaintiff's ability to seek

leave to amend the SAC to add a claim for declaratory relief against the MOA Guarantor in connection with Count III.

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the motion for partial reconsideration is **granted**. The Clerk is respectfully requested to close ECF No. 128.

**SO ORDERED.**

Dated:    New York, New York
          May 5, 2025

                                    John G. Koeltl
                              United States District Judge