FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Direct Line: +1.212.859.8676
Email: Justin.Santolli@friedfrank.com
September 21, 2026

VIA ECF

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

APPLICATION GRANTED
SO ORDERED

9/22/26 John G. Koeltl, U.S.D.J.

Re: SOL-MM III LLC v. JPMorgan Chase Bank, N.A., et al., Case No. 1:23-cv-06479 (JGK)

Dear Judge Koeltl:

We represent non-party AB ADM Syndicate Joint Venture LP ("AB ADM") in the above-referenced action. Plaintiff SOL-MM III LLC ("Plaintiff") and Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") have informed AB ADM that they have filed certain documents AB ADM produced in discovery under seal in connection with the parties' summary judgment briefing. While AB ADM has agreed to allow the substantial majority of the documents to be publicly filed, AB ADM respectfully requests that the Court permit the following eleven documents, all of which AB ADM produced and designated "Confidential" under the Stipulation and Protective Order entered in this action (ECF No. 138) (the "Protective Order"), to be maintained under seal:

From the documents Plaintiff has filed: PX-058 (Deposition of Nydick Excerpts); PX-088 (ABADM_00002647); PX-096 (ABADM_00152050); PX-102 (ABADM_00204368); PX-156 (ABADM__00041919); PX-158 (ABADM_00006773); and PX-169 (ABADM_00007673).

From the documents JPMorgan has filed: Exhibit 54 (Deposition of Nydick Excerpts); Exhibit 116 (ABADM_00034692); Exhibit 145 (ABADM_00210398) and Exhibit 161 (ABADM_00201184).

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," that right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (cleaned up). Such competing considerations include "the privacy interests of those resisting disclosure." *Id.* at 120. To that end, courts in this District routinely seal or permit redaction of confidential business and financial information, particularly where, as here, a non-party's sensitive financial data and valuations would be exposed. *See, e.g.*, *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264 (S.D.N.Y. June 17, 2020) (finding "that the asserted interests in protecting non-party privacy, proprietary business information, and banking records outweighs the public's right to access certain portions of the materials at issue"); *In re Amazon.com. Inc. eBook Antitrust Litig.*, 2026 WL 2654646 (S.D.N.Y. Sept. 9, 2026) (granting sealing of non-

party Barnes & Noble's confidential business information — including specific commission rates, marketing fees, co-op fees, and data fees contained in confidential agreements with publishers).

Each of the documents at issue contains AB ADM's non-public, commercially sensitive financial information, including asset and project-level valuations, capital structure and basis calculations, and detailed income and expense data for AB ADM properties. For example, ABADM_00006773 sets forth a capital structure summary reflecting loan principal amounts, accrued interest, projected valuations, and loan-to-value ratios for specific assets, and ABADM_00204368 is a detailed consolidated income statement reflecting property-level revenue and expense line items, both marked "Confidential" at the time of production. The other documents listed above contain comparable categories of non-public financial and valuation information.

Public disclosure of this information would cause competitive and commercial harm to AB ADM. Disclosure of specific project valuations, capital structure terms, and granular cost and revenue data could be used by competitors, counterparties, tenants, and lenders to AB ADM's disadvantage in future negotiations and transactions, and would reveal financial information that AB ADM has consistently treated as confidential and has never made public.

The requested sealing is narrowly tailored. AB ADM does not seek to seal the parties' summary judgment briefs or the record generally, but only the eleven discrete documents identified above, all of which have already been designated "Confidential" pursuant to the Protective Order. For the foregoing reasons, AB ADM respectfully requests that the Court permit PX-058 (Deposition of Nydick Excerpts); (PX-088 (ABADM_00002647); PX-096 (ABADM_00152050); PX-102 (ABADM_00204368); PX-156 (ABADM__00041919); PX-158 (ABADM_00006773); PX-169 (ABADM_00007673); Exhibit 54 (Deposition of Nydick Excerpts); Exhibit 116 (ABADM_00034692); Exhibit 145 (ABADM_00210398) and Exhibit 161 (ABADM_00201184) to be maintained under seal in connection with the parties' summary judgment briefing.

We thank the Court for its consideration of this matter.

Very truly yours,

Justin J. Santolli

Justin J. Santolli