FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Direct Line: +1.212.859.8000
Email: janice.macavoy@friedfrank.com
September 21, 2026

***Via ECF***
Honorable John G. Koeltl, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

APPLICATION GRANTED
SO ORDERED

9/22/26 [signature]
John G. Koeltl, U.S.D.J.

Re: *SOL-MM III LLC v. JPMorgan Chase Bank, N.A., et al., No. 1:23-cv-06479 (JGK)*

Dear Judge Koeltl:

We write on behalf of Defendants JPMorgan Chase Bank, N.A. ("JPM"), WE Tahoe 1 LLC, and WE Tahoe 2 LLC (the "JPM Defendants"), pursuant to Your Honor's Individual Practices VII.A.2, to request the Court's permission to keep sealed certain exhibits (the "PX Confidential Exhibits") to the declaration of Eric Winston, ECF Nos. 189 and 190, in support of SOL-MM III LLC's ("Plaintiff") motion for summary judgment (the "Summary Judgment Motion"), filed on September 18, 2026, and provisionally sealed on consent of all parties. Specifically, the JPM Defendants request that 38 non-public, commercially sensitive PX Confidential Exhibits remain sealed, all of which contain documents JPM produced and designated confidential under the Stipulation and Protective Order dated May 5, 2025, ECF No. 141 (the "Protective Order").

Plaintiff also provisionally redacted references to the PX Confidential Exhibits in: (1) the Summary Judgment Motion, ECF No. 179; (2) Plaintiff's Rule 56.1 statement, ECF No. 180; (3) the declaration of Hakjae Kim (the "Pine Tree Declaration"), ECF No. 185; (4) the declaration of Christine Kim (the "Kim Declaration"), ECF No. 186; (5) the declaration of Bonnie Rawlins (the "Rawlins Declaration"), ECF No. 186; (6) PX Confidential Exhibits 56 and 57; (7) excerpts from Exhibit A (the "Sussman Report") to the declaration of Eric Winston in support of Plaintiff's motion to exclude Eric Sussman (the "Sussman Motion"), ECF No. 210; (8) excerpts from the Sussman Motion, ECF No. 211; and (9) excerpts from Exhibit B (the "Greenspan Transcript") to the declaration of Eric Winston in support of Plaintiff's motion to exclude Ron F. Greenspan (the "Greenspan Motion"). ECF No. 103. The JPM Defendants request the Court's permission to keep these references to the PX Confidential Exhibits' content redacted.[1]

[1] Amercam LLC ("Amercam") also provisionally moved to seal certain exhibits produced by JPM and Plaintiff. ECF No. 195. Only one JPM document was included in that request—Exhibit 53 to the Sheron Korpus declaration (ECF No. 213-59), which JPM does not seek to keep sealed. As discussed below, JPM nonetheless agrees with Amercam's request to redact portions of the Sussman Report.

## I. Sealing PX Confidential Exhibits With Commercially Sensitive Information

Courts may seal records under their "inherent equitable powers . . . over their own process, to prevent abuses, oppression, and injustices." *Int'l Prods. Corp. v. Koons*, 325 F.2d 403, 407-408 (2d Cir. 1963). Although documents filed on the docket carry a presumption of public access, documents may be sealed where "higher values necessitate a narrowly tailored sealing." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 113, 116 (2d Cir. 2006). This presumption turns on the material's role in the exercise of Article III judicial power and its resulting value to court-watchers, balanced against competing interests, such as privacy. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). Accordingly, the JPM Defendants request the continued sealing of PX Confidential Exhibits containing: (1) JPM's negotiation strategies with respect to the financing of the American Dream Mall project (the "Project"), and (2) JPM's Project-related internal investment and enforcement strategies—all confidential, commercially sensitive business information that would irreparably harm JPM and unfairly advantage JPM's competitors if made public.

***First***, PX Confidential Exhibits 119-120, 126, 131, 133-135, and 178 contain highly sensitive information concerning JPM's confidential negotiations with the Project's borrowers and junior lenders about Project financing, including draft term sheets of the loan documents at issue and e-mail exchanges between the parties (including counsel) negotiating those agreements. These documents were exchanged solely to advance negotiations, and thus, reveal JPM's business strategy, style, and priorities. If these documents were made public, JPM's competitors, borrowers, and counterparties would unfairly gain insight into JPM's negotiation strategy and style, harming JPM's future lending business. These high-stakes business factors warrant sealing here. *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp.3d 394, 412-13 (S.D.N.Y. 2015); *Alix v. McKinsey & Co., Inc.*, 739 F.Supp.3d 172, 194 (S.D.N.Y. 2024). Notably, PX Confidential Exhibits 120 and 135 are identical or substantially similar to Confidential Exhibits 91, 159, and 173 to the declaration of Janice Mac Avoy in support of the JPM Defendants' motion for summary judgment, ECF No. 167, which JPM also seeks to seal for the same reasons. ECF No. 165 (the "JPM Seal Motion").

***Second***, PX Confidential Exhibits 63-76, 105, 114, 122, 129, 137, 140-141, 144, 153-154, 157, 159-162, 167, 172-174, contain email communications between JPM's and/or its co-lenders' business strategies for protecting their investments, including memoranda and presentations for JPM's investment committee, Project updates containing business commentary, and negotiation materials and notes. Disclosing these documents would reveal JPM's sensitive business strategy to competitors. Sealing is therefore warranted because the records are "sufficiently valuable and secret to afford an actual or potential economic advantage over others." *See e.g.*, *Ramirez v. Temin & Co., Inc.*, No. 20 Civ. 6258 (ER), 2020 WL 6781222, at *6 (S.D.N.Y. Nov. 18, 2020); *Fairstein v. Netflix*, Inc., No. 20-cv-8042, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023); *FuboTV Inc. v. Walt Disney Co.*, No. 24-CV-01363 (MMG), 2024 WL

1884974, at *1 (S.D.N.Y. Apr. 30, 2024). PX Confidential Exhibits 63, 68, 122, 129, 134, 141, and 174 are also identical or substantially similar to Confidential Exhibits 76, 89, 108, 169, 174, 175, 176, and 177 in the JPM Seal Motion.

The JPM Defendants recognize the importance of narrowly tailoring any request for sealing. *Lugosch*, 435 F.3d at 125-26. Accordingly, the JPM Defendants carefully scrutinized each document that Plaintiff provisionally sealed and only request to keep sealed the above-detailed PX Confidential Exhibits that could potentially harm JPM's future business strategy if disclosed. That does not include PX Confidential Exhibits: 77, 78, 81, 82, 90, 91, 98, 99, 108, 112, 106, 139, 170, and 185.

## II. <u>Redacting References to PX Confidential Exhibits</u>

The JPM Defendants also request that certain provisionally redacted portions of the Summary Judgment Motion, Plaintiff's Rule 56.1 statement, the Pine Tree Declaration, the Kim Declaration, the Rawlins Declaration, and Confidential Exhibits PX-56 and 57 remain redacted because the redactions preserve the confidentiality of material references and/or direct quotes to the aforementioned PX Confidential Exhibits.

Similarly, as detailed in Plaintiff's motion to seal, ECF No. 212, Plaintiff provisionally redacted, at the request of the JPM Defendants, certain portions of the Sussman Report containing references to PX Confidential Exhibits, such as JPM investment committee memoranda discussing internal valuations of the at-issue collateral. Accordingly, the JPM Defendants request the Court's permission to keep these references redacted on pages 11, 67, 74-78 and on paragraphs 112, 113, 122, and 126 of the Sussman Report. For the same reasons, pages 5-6, 13, 14, and 16 of the Sussman Motion should remain redacted.[2] Finally, as detailed in Plaintiff's motion to seal, ECF No. 206, Plaintiff provisionally sealed the Greenspan Transcript and provisionally redacted the Greenspan Motion. While the JPM Defendants do not seek to keep any redactions in the Greenspan Motion, pages 130 and 131 of the Greenspan Transcript contain a discussion of PX Confidential Exhibits (i.e., the JPM investment committee memoranda), which the JPM Defendants respectfully request remain sealed or redacted.

In summary, the JPM Defendants respectfully request the Court's permission to keep sealed PX Confidential Exhibits 63-76, 105, 114, 119-120, 122, 126, 129, 131, 133-135, 137, 140-141, 144, 153-154, 159-162, 167, 172-174, and 178. The JPM Defendants also seek to keep redacted the Summary Judgment Motion, Plaintiff's Rule 56.1 statement, the Pine Tree Declaration, the Kim Declaration, the Rawlins Declaration, PX Confidential Exhibits 56 and 57, and certain portions of the Sussman Motion, Sussman Report, and Greenspan Transcript.

---

[2] Plaintiff also provisionally sealed Exhibit B to the Sussman Motion (excerpts from the deposition transcript of Eric Sussman), ECF No, 212, which the JPM Defendants do not seek to keep sealed.

Respectfully yours,

Janice Mac Avoy

Janice Mac Avoy

Cc: All Counsel of record, via ECF