# KASOWITZ LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

SHERON KORPUS
DIRECT DIAL: 212-506-1969
SKORPUS@KASOWITZ.COM

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

September 21, 2026

**VIA ECF**

APPLICATION GRANTED
SO ORDERED

[signature]
John G. Koeltl, U.S.D.J.
9/22/26

Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007

*Re:* *SOL-MM III LLC v. JPMorgan Chase Bank, N.A. et al.*
No. 1:23-cv-06479 (JGK)

Dear Judge Koeltl:

We represent Defendants Amercam LLC ("Amercam"), Meadow A-B Office, LLC, Meadow C-D Office LLC, Meadow Hotel LLC, and Meadow Baseball LLC (collectively, the "Outparcel Entities" and, together with Amercam, the "American Dream Defendants") in the above-referenced action. Together with Canadian counsel at Fasken Martineau DuMoulin LLP, we also represent former Defendants New WEM Holdings Affiliate 1 Ltd. ("WEM-1"), New WEM Holdings Affiliate 2 Ltd. ("WEM-2") and New WEM Holdings Ltd. ("WEM-3" and, together with WEM-1 and WEM-2 the "WEM Guarantors") in connection with documents and testimony the WEM Guarantors provided pursuant to subpoenas from Plaintiff SOL-MM III LLC ("Plaintiff") in this matter. We write pursuant to Your Honor's Individual Practices VII.A.2 to request that the Court maintain under seal twenty-eight exhibits that were provisionally filed under seal by Plaintiff and nine exhibits that were provisionally filed under seal by Defendants JPMorgan Chase Bank, N.A., WE Tahoe 1, LLC and WE Tahoe 2 LLC (together, the "JPMorgan Defendants") on Friday, September 18 in connection with their respective motions for summary judgment. The American Dream Defendants and the WEM Guarantors also request that excerpts of four deposition transcripts (the "Transcripts") filed by Plaintiff under seal also be redacted.

The American Dream Defendants and the non-party WEM Guarantors are mindful of the presumption of public access that generally applies to exhibits filed in connection with motions for summary judgment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 116, 119-20 (2d Cir. 2006). However, the Second Circuit has recognized that, notwithstanding that presumption,

documents may be sealed where "higher values necessitate a narrowly tailored sealing." *Id.* As discussed below, the American Dream Defendants and the non-party WEM Guarantors make a narrowly tailored request to maintain under seal documents containing confidential information with respect to (1) non-public financial information concerning the American Dream Mall, the West Edmonton Mall, and/or the Mall of America, including financial statements, draft investment proposals, and competitively sensitive emails; (2) non-public confidential appraisals of American Dream Mall and West Edmonton Mall; and (3) documents—including emails and draft transaction documents--reflecting the American Dream Defendants' confidential negotiation strategies.

Courts may seal records that are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *News Corp. v. CB Neptune Holdings,* LLC, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (granting request to seal confidential acquisition terms and related competitively sensitive financial information); *Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *7 (S.D.N.Y. Nov. 18, 2020) (sealing information that "could alter the Firm's competitive position in the consulting market"); *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011) (granting request to seal material concerning defendants' marketing strategies, costs and budgeting).

For example, courts may seal internal, non-public financial statements. *See Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334, at *6, *8 (S.D.N.Y. Dec. 13, 2024) (sealing internal financial statements and communications that could provide "valuable insights" into company's current business practices "that a competitor would seek to exploit"). Courts may also seal external, confidential valuation reports and appraisals. *See Botterio v. Tessel*, 2025 WL 3718713, at *7 (S.D.N.Y. Dec. 23, 2025) (sealing external valuation report). Each of the documents below falls into one or more of these categories.

Moreover, the interests supporting protection are particularly substantial with respect to the WEM Guarantors. They are no longer parties to this action, did not place their financial condition or the value of West Edmonton Mall at issue in seeking judicial relief, and produced the materials only in response to Subpoenas and in reliance on the protections governing confidential discovery. Although the Protective Order does not by itself justify sealing judicial documents, the involuntary disclosure of commercially sensitive information belonging to non-parties is an important countervailing consideration in the Court's balancing analysis. *See, e.g.*, *Doe v. City of New York*, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) ("[C]ourts take the privacy interests of third-parties seriously."); *Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011) ("[T]he privacy interests of third parties carry great weight in the balancing of interests."), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013).

**Documents Containing Confidential Non-Public Financial Information**

The American Dream Defendants and the non-party WEM Guarantors request that the below referenced records be sealed in their entirety because protected financial figures, valuation

assumptions, related-party information, financing terms, and operational data recur throughout the documents and are interrelated. Piecemeal redaction would either leave the commercially sensitive information capable of reconstruction or render the documents fragmented and unintelligible. The requested Transcript redactions, by contrast, are limited to the specific passages that quote, summarize, or reveal the protected information.

The American Dream Defendants request that the Court maintain under seal the following documents that were produced by the American Dream Defendants, designated "Confidential" under the Protective Order, and which contain confidential, non-public financial information concerning American Dream Mall and/or the West Edmonton Mall: **JPMorgan Ex. 186** (reflecting confidential tenant information); **JPMorgan Ex. 192** (draft proposal to potential investor); **PX-132** (draft presentation for potential investor); **PX-136** (email with potential investor); **PX-151** (email re: debt balances); **PX-177** (draft presentation for potential investors).

The American Dream Defendants and the non-party WEM Guarantors also request that the Court maintain under seal the following documents that were produced by the American Dream Defendants or the non-party WEM Guarantors, designated "Confidential" under the Protective Order, and which are non-public, non-party financial statements containing confidential, non-public financial information concerning the West Edmonton Mall and/or Mall of America: **PX-087, PX-089, PX-092, PX-095, PX-097, PX-100.**

The American Dream Defendants and the non-party WEM Guarantors also request that the Court maintain under seal the following documents that were produced by Plaintiff but originally received by Plaintiff confidentially from the junior mezz borrower, Ameream Mezz I, LLC, an affiliate of the American Dream Defendants pursuant to a subpoena in a separate matter, designated "Confidential" under the Protective Order, and which are non-public, non-party financial statements containing confidential, non-public financial information concerning the West Edmonton Mall and Mall of America: **PX-093, PX-094, PX-101.**

The American Dream Defendants also request that the Court maintain under seal the following documents that were produced by JPMorgan, designated "Confidential" under the Protective Order, and which contain non-public, confidential financial information concerning the West Edmonton Mall and Mall of America: **PX-090, PX-091, PX-098, PX-099.**

The financial statements and other documents referenced above contain, among other things, detailed, non-public information concerning the revenues, expenses, indebtedness, reserves, capital expenditures, tenant-related receivables, and operating performance of West Edmonton Mall, Mall of America and American Dream. Although the statements concern prior reporting periods, they disclose multi-year operating trends, cost structures, leverage, liquidity, and other financial benchmarks that remain commercially useful to existing and prospective tenants, lenders, insurers, vendors, investors, purchasers, and other counterparties. Public disclosure would permit those parties to assess the American Dream Defendants' and the WEM Guarantors' historical financial and negotiating position using information that is not otherwise

available to them, thereby placing the American Dream Defendants and the WEM Guarantors at a material disadvantage in continuing commercial negotiations. The American Dream Defendants and the WEM Guarantors have maintained this information as confidential and disclosed it in this proceeding only subject to the Protective Order.

**Confidential Third-Party Appraisals**

The American Dream Defendants also request that the Court maintain under seal two third-party confidential appraisals regarding American Dream and West Edmonton Mall: **PX-079, PX-080.**

**Confidential Documents Revealing Negotiation Strategies**

The American Dream Defendants also request that the Court maintain under seal the following documents that would reveal the confidential negotiating strategy of the American Dream Defendants, including emails, term sheets, and draft proposals: (1) **JPMorgan Exs. 45, 89, 91, 126, 129, 143** and **144**; and (2) Plaintiffs' Exs. **PX-121**, **PX-123**, **PX-124**, **PX-125, PX-127, PX-128, PX-130, PX-165** and **PX-166.**

**Redaction of Deposition Transcripts**

Finally, the American Dream Defendants and the WEM Guarantors seek to redact portions of the individual and Rule 30(b)(6) Depositions of Martin Walrath, the Rule 30(b)(6) deposition of Michael Oseen, and the individual deposition of Syd Ghermezian (**PX-55, PX-59**, **PX-60**, **PX-62**) that were filed by Plaintiff under seal and which contain material references and/or direct quotes to confidential and competitively sensitive financial and ownership information of the American Dream Defendants and/or the WEM Guarantors. The proposed redactions are attached and are narrowly tailored only to competitively sensitive information.

Respectfully submitted,

*/s/ Sheron Korpus*

Sheron Korpus

:cc: All Counsel of Record (via ECF)
Jessica Cameron, Fasken Martineau DuMoulin LLP (via email)