**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3602**

WRITER'S EMAIL ADDRESS
**ericwinston@quinnemanuel.com**

September 21, 2026

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

APPLICATION GRANTED
SO ORDERED

[signature]
John G. Koeltl, U.S.D.J.

9/22/26

Re: SOL-MM III LLC v. JPMorgan Chase Bank, N.A., et al., No. 1:23-cv-06479-JGK

Dear Judge Koeltl:

We write on behalf of non-party Western Asset Management Company LLC ("WAMCO") in response to Defendants' filing under seal of certain exhibits to the Declaration of Janice Mac Avoy (the "Mac Avoy Declaration," ECF 167) in support of JPMorgan's Motion for Summary Judgment ("JPM Motion") and to the Declaration of Sheron Korpus (the "Korpus Declaration," ECF 216) in support of the American Dream Defendants' Motion for Summary Judgment ("American Dream Motion"), which contain WAMCO's confidential information. WAMCO is not a party to this action, yet it has been required to produce a substantial volume of documents and to prepare and produce a corporate representative for deposition as a result of litigation between other parties.

Pursuant to the Court's Standing Order Re: Electronic Filing Under Seal in Civil and Miscellaneous Cases (19-MC-00583), the Court's Electronic Case Filing Rules & Instructions § 6, and Section VII of Your Honor's Individual Rules, WAMCO files this letter to explain the basis for continued sealing of exhibits containing WAMCO's confidential information that were temporarily filed under seal in connection with the JPM Motion and American Dream Motion.

## I. LEGAL STANDARD

A party's interest in preserving competitively sensitive business operations frequently merits sealing, even under the "compelling reasons" standard for sealing summary judgment papers. *See, e.g., Lazaar v. Anthem Cos.*, 2025 WL 2773944, at *12 (S.D.N.Y. Sept. 29, 2025) (on summary judgment, granting motion to seal and noting that courts in this District "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information"); *Old Slip Benefits & Ins. Servs., LLC v. Allstate Ins. Co.*, 2026 WL 2271929, at *2 (S.D.N.Y. Aug. 6, 2026) (sealing information about defendant that "[a]

competitor could exploit . . . to gain insight into [defendant's] current business practices"). To this end, courts in the Southern District of New York "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information" because "if publicly revealed, sensitive business information could undercut a business's competitive advantage." *Hayden v. Int'l Bus. Machs. Corp.*, 2026 WL 1266363, at *3 (S.D.N.Y. May 8, 2026) (quoting *In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) and *Brunckhorst v. Bischoff*, 2024 WL 4276201, at *3 (S.D.N.Y. Sept. 24, 2024)).

## II. WAMCO'S CONFIDENTIAL NEGOTIATION MATERIALS AND INTERNAL BUSINESS STRATEGY WARRANT CONTINUED SEALING OR REDACTION

WAMCO requests that the Court continue to seal, or permit WAMCO to redact, Exhibits 48, 139, 140, 142, 165, 172, 178, 179, 180, 181, and 184 to the Mac Avoy Declaration, and Exhibit 59 to the Korpus Declaration, as specified below. These materials discuss or reflect negotiations among WAMCO, JPMorgan, AB ADM Syndicate Joint Venture LP, and Triple Five Group over the restructuring of the American Dream debt, and WAMCO's internal assessment of its own negotiating leverage and strategy. Sealing is warranted here because these internal deliberations, board presentations, risk committee materials, and exchanges of draft agreements and terms contain "confidential business information," the disclosure of which would place WAMCO "at risk of competitive harm." Accordingly, "there is compelling justification for sealing the documents containing such information," and WAMCO's "interest in keeping confidential its highly sensitive business and financial information is sufficient to tip the scale in favor of sealing the documents that contain such information." *Emergency Physician Servs. of N.Y. v. UnitedHealth Grp., Inc.*, 2023 WL 8306746, at *1 (S.D.N.Y. Dec. 1, 2023) (Koeltl, J.).

WAMCO seeks to seal the following exhibits containing strategy and negotiation information:

- **ECF 167, Exhibit 48** (Deposition of Miller Excerpts), **Exhibit 139** (WAMCO_00053517), **Exhibit 140** (WAMCO_00059570), **Exhibit 142** (WAMCO_00055997), **Exhibit 165** (WAMCO_00078409), **Exhibit 172** (WAMCO_00091498), **Exhibit 178** (WAMCO_00098139), **Exhibit 179** (WAMCO_00023976), **Exhibit 180** (WAMCO_00055944), **Exhibit 181** (WAMCO_00058502), and **Exhibit 184** (WAMCO_00085558);
- **ECF 216, Exhibit 59** (WAMCO_00059570).

These exhibits contain confidential business information relating to WAMCO's investment and negotiation strategy, including WAMCO's internal valuation-waterfall model, recovery probability assessments under various default and foreclosure scenarios, proposed extension terms, equity-conversion terms, preferred equity splits, forced-sale/refinancing provisions, internal assessments of business negotiations, and other information that discloses WAMCO's business methods, investment strategy, and risk tolerance.

Publicly disclosing WAMCO's proposed and negotiated restructuring terms, and its internal negotiating strategy and leverage, would allow WAMCO's competitors an improper

glimpse into its negotiating position and would prejudice it in ongoing and future negotiations and restructurings. *See Avocent Redmond Corp. v. Raritan Americas, Inc.*, 2012 WL 3114855, at *16-17 (S.D.N.Y. July 31, 2012) (sealing confidential business information whose disclosure would cause competitive harm and could affect future contract negotiations). Courts routinely seal documents reflecting confidential negotiations like these. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal redactions to summary judgment papers and exhibits containing "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

## III. WAMCO'S PROPRIETARY VALUATION METHODOLOGY AND UNRELATED CONFIDENTIAL BUSINESS INFORMATION WARRANT CONTINUED SEALING

WAMCO further requests that the Court continue to seal, in whole or in part: **ECF 167, Exhibit 55** (WAMCO_00022077), **Exhibit 83** (WAMCO_00038810), **Exhibit 96** (WAMCO_00033893), **Exhibit 120** (WAMCO_00031602), **Exhibit 165** (WAMCO_00078409), **Exhibit 172** (WAMCO_00091498), **Exhibit 180** (WAMCO_00055944), **Exhibit 182** (WAMCO_00103480), and **Exhibit 183** (WAMCO_00057395). These exhibits disclose (i) WAMCO's proprietary internal valuation methodology, and/or (ii) confidential corporate and financial information belonging to WAMCO or non-parties that is irrelevant to the issues in this case and the Court's adjudication of the parties' respective summary judgment motions and, as such, cannot qualify as judicial documents. *See, e.g.*, *Lowell v. Lyft, Inc.*, 2024 WL 964625, at *2 (S.D.N.Y. Mar. 5, 2024) (sealing documents that were "irrelevant" and had "little, if any, bearing on" the proceedings).

The disclosure of the information identified above would harm WAMCO competitively by revealing the specific assumptions, valuation methodologies, and pricing judgments WAMCO applies to debt positions, allowing competitors to replicate WAMCO's proprietary approach and undermining WAMCO's ability to negotiate favorable terms in future transactions. Courts routinely seal such information. *See, e.g.*, *Vida Longevity Fund, LP v. Lincoln Life & Annuity Co. of N.Y.*, 2024 WL 1349221, at *7 (S.D.N.Y. Mar. 29, 2024) (granting majority of parties' motions to seal summary judgment papers "because they reference or contain internal pricing methodologies, confidential internal communications, specific features of proprietary insurance products, and various other proprietary methodologies").

* * *

For the reasons set forth above, WAMCO respectfully requests that the Court (i) continue to seal Mac Avoy Declaration Exhibits 48, 55, 83, 96, 120, 139, 140, 142, 165, 172, 178, 179, 180, 181, 182, 183, and 184, to the extent and for the reasons set forth above; (ii) continue to seal Korpus Declaration Exhibit 59; and (iii) remove the temporary seal of Mac Avoy Declaration Exhibits 80, 82, 109, 113, 117, 121, 127, and 150.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Eric Winston