FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Direct Line: +1.212.859.8000
Email: janice.macavoy@friedfrank.com
September 18, 2026

APPLICATION GRANTED
SO ORDERED

9/21/26 John G. Koeltl, U.S.D.J.

*Via ECF*
Honorable John G. Koeltl, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

Re: *SOL-MM III LLC v. JPMorgan Chase Bank, N.A., et al., No. 1:23-cv-06479 (JGK)*

Dear Judge Koeltl:

We write on behalf of Defendants JPMorgan Chase Bank, N.A. ("JPM"), WE Tahoe 1 LLC, and WE Tahoe 2 LLC (the "JPM Defendants"), pursuant to Your Honor's Individual Practices VII.A.2, to request the Court's permission to file under seal certain exhibits (the "Confidential Exhibits") to the declaration of Janice Mac Avoy in support of the JPM Defendants' motion for summary judgment (the "Declaration"), filed today, on consent of all parties. The JPM Defendants seek to seal (1) 24 non-public, commercially sensitive Confidential Exhibits containing documents produced and designated confidential by JPM, and (2) 56 Confidential Exhibits produced and designated confidential by other parties and non-parties, under the Stipulation and Protective Order dated May 5, 2025, ECF No. 141 (the "Protective Order"). The JPM Defendants also request the Court's permission to redact references to the content of the Confidential Exhibits contained in (1) the memorandum of law in support of the JPM Defendants' motion for summary judgment (the "Motion"); (2) the JPM Defendants' Rule 56.1 statement of undisputed material facts (the "Statement of Material Facts"); and (3) Confidential Exhibits 3, 36, 47, 48, 49, and 54 (expert reports and certain deposition excerpts) to the Declaration.

## I. <u>Sealing Confidential Exhibits Including the JPM Defendants' Commercially Sensitive Information</u>

Courts may seal records under their "inherent equitable powers . . . over their own process, to prevent abuses, oppression, and injustices." *Int'l Prods. Corp. v. Koons*, 325 F.2d 403, 407-408 (2d Cir. 1963). Although documents filed on the docket carry a presumption of public access, documents may be sealed where "higher values necessitate a narrowly tailored sealing." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 113, 116 (2d Cir. 2006). This presumption turns on the material's role in the exercise of Article III judicial power and its resulting value to court-watchers, balanced against competing interests, such as privacy. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016).

The JPM Defendants request the sealing of documents filed as Confidential Exhibits produced and designated as confidential by JPM containing: (1) JPM's negotiation strategies

with respect to the financing of the Project, and (2) JPM's Project-related internal investment and enforcement strategies—all confidential, commercially sensitive business information that would irreparably harm JPM and unfairly advantage JPM's competitors if made public.

***First***, Confidential Exhibits 58, 60, 64, 69, 99, 131, 137, 173 contain highly sensitive information concerning JPM's confidential negotiations with the Project's borrowers and junior lenders about Project financing, including draft term sheets of the loan documents at issue and e-mail exchanges between the parties (including counsel) negotiating those agreements. These materials were exchanged solely to advance negotiations, and thus, contain proprietary information demonstrating JPMorgan's business strategy, style, and priorities. If these documents were made public, JPM's competitors, borrowers, and counterparties would unfairly gain insight into JPMorgan's negotiation strategy and style, harming JPM's future lending business. These high-stakes business factors warrant sealing here. *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp.3d 394, 412-13 (S.D.N.Y. 2015); *Alix v. McKinsey & Co., Inc.*, 739 F.Supp.3d 172, 194 (S.D.N.Y. 2024). This request is narrowly tailored because the JPM Defendants only seek to seal documents containing insight into the *negotiation strategies* for the loan agreements at issue. Critically, the JPM Defendants are not seeking to seal executed versions of these agreements, which are filed publicly on the docket and heavily relied upon in the Motion.

***Second***, Confidential Exhibits 4, 63, 84, 87, 92, 93, 95, 108, 124, 125, 134, 169, 174, 175, 176, and 177 contain JPM's and/or its co-lenders' business strategies for protecting their investments, including memoranda and presentations for JPM's investment committee, Project updates containing business commentary, negotiation materials and notes, and communications (including with counsel) concerning investment strategy for the agreements at issue. Disclosing these documents would reveal JPM's sensitive business strategy to competitors. Sealing is therefore warranted because the records are "sufficiently valuable and secret to afford an actual or potential economic advantage over others." *Ramirez v. Temin & Co., Inc.*, No. 20 Civ. 6258 (ER), 2020 WL 6781222, at *6 (S.D.N.Y. Nov. 18, 2020) (sealing where "public access... could alter the Firm's competitive position"); *Fairstein v. Netflix*, Inc., No. 20-cv-8042, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (sealing internal metrics, marketing campaign details, and contracts); *FuboTV Inc. v. Walt Disney Co.*, No. 24-CV-01363 (MMG), 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024); *Locus Tech. v. Honeywell Int'l Inc.*, No. 19 Civ. 11532 (PGG) (KHP), 2024 WL 5103334, at *6 (S.D.N.Y. Dec. 13, 2024); *Hesse v. SunGard Systems Intern.*, No. 12 Civ. 1990 (CM) (JLC), 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013).

The JPM Defendants recognize the importance of narrowly tailoring any request that this Court permit the sealing (or redacting) of documents. *Lugosch*, 435 F.3d at 125-26. Accordingly, the JPM Defendants carefully scrutinized each of the 107 JPM-produced exhibits in the Declaration—all of which were originally designated "Confidential" or "Highly Confidential" under the Protective Order—and determined that only 24 JPM exhibits contained the non-public, proprietary business information necessitating a request to seal. Only the

Confidential Exhibits identified in this request have the potential to harm JPM's future business endeavors, and thus, sealing this limited number of documents is appropriate.

## II. Sealing Exhibits Designated Confidential by Other Parties and Non-Parties

The JPM Defendants have sought to file Exhibits designated "Confidential" pursuant to the Protective Order that were produced by other parties and non-parties, consisting of Confidential Exhibits 45-46, 55, 61, 65, 68, 70, 80-83, 89-91, 96, 109-10, 113, 116-21, 123, 126-27, 129-30, 135, 138-45, 147-48, 150, 160-62, 164-65, 172, 178-84, 186, and 192. To protect the confidentiality of these protected materials, and in accordance with the Protective Order and Your Honor's Individual Practices VII A.2, the JPM Defendants' undersigned counsel met and conferred with each of the other parties and non-parties' undersigned counsel to narrow the scope of the request to seal, who specifically requested the following:

- On September 15, 2026, SOL-MM III LLC, through their undersigned counsel, requested sealing Confidential Exhibits 65, 70, 81, 90, 110, 118-19, 123, 130, 135, 138, 141, 147-48, 160, and 164.

- On September 16, 2026, Western Asset Management Company, through their undersigned counsel, requested sealing Confidential Exhibits 55, 80, 82-83, 96, 109, 113, 117, 120-21, 127, 139, 140, 142, 150, 165, 172, 178-84.

- On September 10, 2026, Ameream, LLC, through its undersigned counsel, requested sealing Confidential Exhibits 45-46, 61, 68, 89, 91, 126, 129, 143-44, 162, 186, and 192.

- On September 14, 2026, AB ADM Syndicate Joint Venture LP, through their undersigned counsel, requested sealing Confidential Exhibits 116, 145, and 161.

The JPM Defendants take no position on whether these documents should be sealed. The JPM Defendants submit this letter motion to allow these parties the opportunity to move to seal pursuant to Your Honor's Individual Practice VII.A.2. The JPM Defendants notified these parties that, within three days, they must file a letter explaining any need to seal or redact.

## III. Redacting Documents Containing References to the Confidential Exhibits

The JPM Defendants also seek to redact portions of (1) the Motion, (2) Statement of Material Facts, and (3) Confidential Exhibits 3, 36, 47, 48, 49, and 54 (the expert reports of Eric Sussman and Mark Brown and certain deposition excerpts) all of which contain material references and/or direct quotes to the aforementioned Confidential Exhibits. These redaction requests are narrowly tailored only to preserve the confidentiality of these Confidential Exhibits. *See Ramirez*, 2020 WL 6781222, at *6; *Fairstein*, 2023 WL 6164293, at *4.

Respectfully yours,

Janice Mac Avoy

Cc: All Counsel of record, via ECF