**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3602**

WRITER'S EMAIL ADDRESS
**ericwinston@quinnemanuel.com**

September 18, 2026

**VIA ECF**

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.

9/21/26

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: SOL-MM III LLC v. JPMorgan Chase Bank, N.A., et al., No. 1:23-cv-06479-JGK

Dear Judge Koeltl:

We respectfully write on behalf of Plaintiff SOL-MM III, LLC to request permission to file under seal portions of Plaintiff's Motion for Summary Judgment ("Motion"), its supporting papers, and certain exhibits thereto, pursuant to the Court's Standing Order Re: Electronic Filing Under Seal in Civil and Miscellaneous Cases (19-MC-00583), the Court's Electronic Case Filing Rules & Instructions § 6, and Section VII of your Honor's Individual Rules. Plaintiff seeks to seal or redact portions of its Motion, Rule 56.1 Statement, and supporting declarations (of counsel, of Hakjae Kim, of Christine Kim, and of Bonnie Rawlins), as well as certain of its exhibits containing information Plaintiff has designated "Confidential" or "Highly Confidential" under the protective order in this action (ECF No. 141), and that otherwise meet the applicable standard for sealing because they contain Plaintiff's commercially sensitive business information.

At Defendants' request, Plaintiff also seeks leave to provisionally seal or redact portions of its Motion, Rule 56.1 Statement, supporting declarations, and certain exhibits to its Motion that contain information Defendants have designated "Confidential" or "Highly Confidential" under the same protective order. Defendants have been given notice of the requirement that they file a letter explaining the basis for sealing or redacting those exhibits within three days, by September 18, 2026.

## I. LEGAL STANDARD

To determine whether sealing is appropriate, courts in the Second Circuit apply the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must determine: (1) whether the documents subject to a sealing request qualify

as "judicial documents"; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access. *Id.* at 119–20. Only "[i]f the document is judicial in nature" does "a presumption of access attach[] and the Court must determine the weight to afford this presumption." *K.A. v. City of New York*, 2025 WL 3074080, at *1 (S.D.N.Y. Nov. 3, 2025) (citing *Lugosch*, 435 F.3d at 119) (internal quotations omitted). Documents submitted in connection with a motion for summary judgment "are unquestionably judicial documents under the common law" and, accordingly, "documents used by parties moving for, or opposing summary judgment should not remain under seal *absent the most compelling reasons*." *Lugosch*, 435 F.3d at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

A party's interest in preserving competitively sensitive business operations frequently merits sealing, even under the "compelling reasons" standard for sealing summary judgment papers. *See, e.g., Lazaar v. Anthem Cos.*, 2025 WL 2773944, at *12 (S.D.N.Y. Sept. 29, 2025) (on summary judgment, granting motion to seal information on defendant's "internal processes and systems," noting that courts in this District "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information"); *Old Slip Benefits & Ins. Servs., LLC v. Allstate Ins. Co.*, 2026 WL 2271929, at *2 (S.D.N.Y. Aug. 6, 2026) (sealing "negotiated pricing terms" and "underwriting and risk-management frameworks" where they contained information about defendant that "[a] competitor could exploit . . . to gain insight into [defendant's] current business practices"). To this end, courts in the Southern District of New York "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information" because "if publicly revealed, sensitive business information could undercut a business's competitive advantage." *Hayden v. Int'l Bus. Machs. Corp.*, 2026 WL 1266363, at *3 (S.D.N.Y. May 8, 2026) (quoting *In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) and *Brunckhorst v. Bischoff*, 2024 WL 4276201, at *3 (S.D.N.Y. Sept. 24, 2024)); *see also, e.g., Flynn v. McGraw Hill LLC*, 2026 WL 1432825, at *3 (S.D.N.Y. May 21, 2026) (sealing justified where exhibits contained "confidential pricing, sales, and other financial data, including revenue and expenses").

## II. PLAINTIFF'S CONFIDENTIAL BUSINESS INFORMATION WARRANTS SEALING

Plaintiff requests permission from the Court to file under seal portions of Plaintiff's Motion, Rule 56.1 Statement, supporting declarations, and Exhibits 148, 149, 150, 152, and 155 to Plaintiff's Motion. The exhibits are Plaintiff's confidential term sheets that reflect Plaintiff's confidential business information and that Plaintiff has designated "Confidential" under the parties' protective order. Plaintiff seeks to redact the term sheets in their entirety, while the accompanying cover emails, and the portions of Plaintiff's Motion, Rule 56.1 Statement, and supporting declarations that reference them, need only be redacted to the extent they disclose the term sheets' specific terms. Sealing is warranted here because Plaintiff's term sheets and portions of its papers contain "confidential business information," and disclosure would place Plaintiff "at risk of competitive harm." Accordingly, "there is compelling justification for sealing the documents containing such information," and Plaintiff's "interest in keeping confidential its highly sensitive business and financial information is sufficient to tip the scale in favor of sealing the

documents that contain such information." *Emergency Physician Servs. of N.Y. v. UnitedHealth Grp., Inc.*, 2023 WL 8306746, at *1 (S.D.N.Y. Dec. 1, 2023) (Koeltl, J.).

These term sheets, sent to the Ghermezians between June and September 2021 and in February 2022, propose new capital to restructure the American Dream financing, and disclose Plaintiff's specific loan amounts, interest rates and spreads, concessions on its existing loan, and proposed collateral and priority-of-payment structures—highly sensitive business information that, if publicly disclosed, would cause significant competitive harm to Plaintiff. *See Avocent Redmond Corp. v. Raritan Americas, Inc.*, 2012 WL 3114855, at *16-17 (S.D.N.Y. July 31, 2012) (sealing confidential business information whose disclosure would cause competitive harm and could affect future contract negotiations). Plaintiff's Motion, Rule 56.1 Statement, and supporting declarations reference these same specific terms.

Publicly disclosing Plaintiff's pricing, collateral, and concession strategies would allow Plaintiff's competitors an improper glimpse into its specific business information and strategies and prejudice Plaintiff in future loan negotiations and restructurings. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal redactions to summary judgment papers and exhibits containing "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit"); *Emergency Physician Servs. of N.Y.*, 2023 WL 8306746, at *2 (granting motion to redact portions of summary judgment reply brief and 56.1 statements discussing confidential agreements, including drafts, where disclosure would give competitors insight into the parties' and non-parties' confidential business dealings).

Courts routinely seal documents reflecting confidential negotiations like these. *See id.*; *see also Frontier Airlines v. AMCK Aviation*, 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (sealing documents submitted in connection with summary judgment opposition reflecting internal and inter-party negotiations over a potential agreement, where disclosure would place the parties at a competitive disadvantage in future negotiations); *Skyline Steel LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (granting motion to seal summary judgment exhibits consisting of emails revealing confidential negotiations between movant and a customer).

## III. INFORMATION DEFENDANTS HAVE DESIGNATED CONFIDENTIAL OR HIGHLY CONFIDENTIAL SHOULD BE PROVISIONALLY SEALED

Plaintiff also seeks permission to provisionally file under seal the below exhibits to Plaintiff's Motion, as well as portions of Plaintiff's Motion, Rule 56.1 Statement, and supporting declarations that reference this material. These materials have either been designated "Confidential" or "Highly Confidential" by Defendants under the parties' protective order, or, though produced or authored by Plaintiff, contain or reference information belonging to Defendants that Defendants have treated as confidential in this action. Plaintiff sought Defendants' permission to file these materials publicly, but Defendants did not consent. Accordingly, Plaintiff moves to provisionally seal or redact this material for the reasons to be set forth in Defendants' forthcoming letter.

- Exhibits 55-60, 62-102, 104-106, 108, 112, 114, 119-137, 139-141, 144-146, 151, 153, 154, 156-162, 165-167, 169-174, 176-178, and 185 to the Declaration of Eric Winston in Support of Plaintiff's Motion

* * *

For the reasons set forth above, Plaintiff respectfully requests that the Court (i) seal portions of the exhibits, Motion, Rule 56.1 Statement, and supporting declarations identified in Section II reflecting Plaintiff's confidential business information, and (ii) provisionally seal or redact the exhibits, Motion, Rule 56.1 Statement, and supporting declarations identified in Section III that Defendants have designated as "Confidential" or "Highly Confidential" under the protective order, or that contain information Defendants have treated as such.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Eric Winston