**quinn emanuel** **trial lawyers | los angeles**
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3602**

WRITER'S EMAIL ADDRESS
**ericwinston@quinnemanuel.com**

September 18, 2026

**VIA ECF**

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.
9/23/26

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: SOL-MM III LLC v. JPMorgan Chase Bank, N.A., et al., No. 1:23-cv-06479-JGK

Dear Judge Koeltl:

We respectfully write on behalf of Plaintiff SOL-MM III, LLC to request permission to provisionally file under seal portions of Plaintiff's Motion to Exclude the Opinions and Testimony of Eric Sussman ("*Daubert* Motion"), as well as Exhibit A to the Declaration of Eric Winston filed in support thereof—Defendants' Expert Report of Eric Sussman (the "Sussman Report"), and Exhibit B—the excerpted deposition transcript of Eric Sussman (the "Deposition Transcript"). This request is made pursuant to the Court's Standing Order Re: Electronic Filing Under Seal in Civil and Miscellaneous Cases (19-MC-00583), the Court's Electronic Case Filing Rules & Instructions § 6, and Section VII of your Honor's Individual Practices. At Defendants' request, Plaintiff seeks leave to provisionally seal portions of its *Daubert* Motion and the Sussman Report, along with the Deposition Transcript, because Defendants contend they contain information Defendants have treated as confidential in this action. Defendants will file a letter explaining the basis for sealing or redacting those portions within three days.

## I. LEGAL STANDARD

To determine whether sealing is appropriate, courts in the Second Circuit apply the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents"; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access. *Id.* at 119–20. Only "[i]f the document is judicial in nature" does "a presumption of access attach[] and the Court must determine the weight to afford this presumption." *K.A. v.*

*City of New York*, 2025 WL 3074080, at *1 (S.D.N.Y. Nov. 3, 2025) (citing *Lugosch*, 435 F.3d at 119) (internal quotations omitted).

Courts in this district routinely hold that *Daubert*-related filings are judicial documents because they are "relevant to the performance of the judicial function and useful in the judicial process." *Am. Railcar Indus., Inc. v. Gyansys, Inc.*, 2017 WL 11501880, at *1 (S.D.N.Y. May 8, 2017) (quoting *United States v. Erie County*, 763 F.3d 235, 240 (2d Cir. 2014)); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) (filings related to *Daubert* motions are judicial documents); *Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 385 (S.D.N.Y. 2022) (holding that "expert reports are judicial documents as they directly bear on the Court's duty to determine whether the reports should be excluded pursuant to [a] Daubert motion"). While the presumption of access given to *Daubert*-related filings is "significant," it is weaker than the presumption attaching to filings related to dispositive motions. *In re Keurig Green Mountain*, 2023 WL 196134, at *2-3; *see also In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 2022 WL 15033005, at *2 (S.D.N.Y. Oct. 25, 2022) (redacted deposition and documentary excerpts directly relevant to a *Daubert* motion are given a "strong" presumption of public access).

A party's interest in preserving competitively sensitive business operations frequently merits sealing. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 510-12 (S.D.N.Y. 2015) (granting motion to seal redactions of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal quotations omitted); *Old Slip Benefits & Ins. Servs., LLC v. Allstate Ins. Co.*, 2026 WL 2271929, at *2 (S.D.N.Y. Aug. 6, 2026) (sealing "negotiated pricing terms" and "underwriting and risk-management frameworks" where they contained information about defendant that "[a] competitor could exploit . . . to gain insight into [defendant's] current business practices"); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *6 (S.D.N.Y. June 17, 2020) (finding that interests in "proprietary business information" outweighed public interests in such materials and warranted sealing certain information); *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting requests to redact limited information related to sales and revenues, market research, development of new products, "presentations, merger discussions, and competitive analyses and product testing").

## II. INFORMATION DEFENDANTS HAVE TREATED AS CONFIDENTIAL SHOULD BE PROVISIONALLY SEALED

Plaintiff seeks permission from the Court to provisionally file under seal portions of its *Daubert* Motion and the Sussman Report, as well as the Deposition Transcript. According to Defendants, the *Daubert* Motion, Sussman Report, and Deposition Transcript reference (i) internal investment committee presentations prepared by Western Asset Mortgage Capital Corporation ("WAMCO") valuing the WEM-MOA Equity, and (ii) JPMorgan's valuations and valuation methodologies for the WEM-MOA Equity, both of which Defendants contend they have treated as confidential in this action. Plaintiff sought Defendants' permission to file these documents publicly, but Defendants did not consent. Accordingly, Plaintiff moves to provisionally seal the

highlighted portions identified below[1] for the reasons to be set forth in Defendants' forthcoming letter.

| | |
|---|---|
| ***Daubert* Motion** | pp. 2, 5-8 10-17 |
| **Exhibit A to Declaration of Eric Winston (Sussman Report)** | WAMCO and JPMorgan valuations and methodology: pp. 11, 67, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 92, 93 |
| **Exhibit B to Declaration of Eric Winston (Excerpted Deposition Transcript)** | Entirely under seal |

* * *

For the reasons set forth above, Plaintiff respectfully requests that the Court provisionally seal the portions of its *Daubert* Motion and the Sussman Report identified in the above chart.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Eric Winston

[1] The listed page numbers refer to the pages of Exhibit A hereto, beginning at 1 and continuing through 184, and not to the internal pagination of Mr. Sussman's report.