Case 1:23-cv-06479-JGK Document 242 Filed 10/30/26 Page 1 of 4

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3602**

WRITER'S EMAIL ADDRESS
**ericwinston@quinnemanuel.com**

October 30, 2026

APPLICATION GRANTED
SO ORDERED

11/2/26

John G. Koeltl, U.S.D.J.

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: SOL-MM III LLC v. JPMorgan Chase Bank, N.A., et al., No. 1:23-cv-06479-JGK

Dear Judge Koeltl:

We respectfully write on behalf of Plaintiff SOL-MM III, LLC ("Plaintiff") to request permission to file under seal portions of Plaintiff's Opposition to the JPMorgan Defendants' and the American Dream Defendants' Motions for Summary Judgment (the "Oppositions"), their supporting papers, and certain exhibits thereto. Plaintiff makes this request pursuant to the Court's Standing Order Re: Electronic Filing Under Seal in Civil and Miscellaneous Cases (19-MC-00583), the Court's Electronic Case Filing Rules & Instructions § 6, and Section VII of your Honor's Individual Rules.

Plaintiff seeks to seal or redact portions of the Oppositions, its respective Rule 56.1 Responses, and its supporting declarations (the declarations of counsel, Hakjae Kim, Christine Kim, and Justice Bonnie Rawlins), as well as certain exhibits containing information that Plaintiff has designated "Confidential" or "Highly Confidential" under the protective order in this action (ECF 141). These materials meet the applicable standard for sealing because they contain Plaintiff's commercially sensitive business information.

At Defendants' request, Plaintiff also seeks leave to provisionally seal or redact portions of the Oppositions, Rule 56.1 Responses, and supporting declarations, as well as certain exhibits to Plaintiff's Oppositions, that contain information Defendants have designated "Confidential" or "Highly Confidential" under the same protective order. Defendants have been given notice of the requirement that they file a letter explaining the basis for sealing or redacting those materials within three business days, by November 4, 2026.

## I. LEGAL STANDARD

To determine whether sealing is appropriate, courts in the Second Circuit apply the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents"; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access. *Id.* at 119–20. Only "[i]f the document is judicial in nature" does "a presumption of access attach[] and the Court must determine the weight to afford this presumption." *K.A. v. City of New York*, 2025 WL 3074080, at *1 (S.D.N.Y. Nov. 3, 2025) (citing *Lugosch*, 435 F.3d at 119) (internal quotations omitted). Documents submitted in connection with a motion for summary judgment "are unquestionably judicial documents under the common law" and, accordingly, "documents used by parties moving for, or opposing summary judgment should not remain under seal *absent the most compelling reasons*." *Lugosch*, 435 F.3d at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

A party's interest in preserving competitively sensitive business operations frequently merits sealing, even under the "compelling reasons" standard for sealing summary judgment papers. *See, e.g.*, *Lazaar v. Anthem Cos.*, 2025 WL 2773944, at *12 (S.D.N.Y. Sept. 29, 2025) (on summary judgment, granting motion to seal information on defendant's "internal processes and systems," noting that courts in this District "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information"); *Old Slip Benefits & Ins. Servs., LLC v. Allstate Ins. Co.*, 2026 WL 2271929, at *2 (S.D.N.Y. Aug. 6, 2026) (sealing "negotiated pricing terms" and "underwriting and risk-management frameworks" where they contained information about defendant that "[a] competitor could exploit . . . to gain insight into [defendant's] current business practices"). To this end, courts in the Southern District of New York "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information" because "if publicly revealed, sensitive business information could undercut a business's competitive advantage." *Hayden v. IBM Corp.*, 2026 WL 1266363, at *3 (S.D.N.Y. May 8, 2026) (quoting *In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) and *Brunckhorst v. Bischoff*, 2024 WL 4276201, at *3 (S.D.N.Y. Sept. 24, 2024)).

## II. PLAINTIFF'S CONFIDENTIAL BUSINESS INFORMATION WARRANTS SEALING

Plaintiff requests permission to file under seal three categories of material reflecting its confidential business information: (1) portions of the Oppositions, Rule 56.1 Responses, and supporting declarations; (2) deposition transcripts submitted in connection with the Oppositions; (3) Bruce A. Markell's expert rebuttal report; (4) exhibits that contain Plaintiff's confidential business information or reflect confidential negotiations.

***First***, Plaintiff seeks to seal portions of the Oppositions, the Rule 56.1 Responses, and the supporting declarations that quote or discuss the confidential exhibits and testimony described below. The Court has previously permitted Plaintiff to seal comparable portions of its papers in connection with Plaintiff's Motion for Summary Judgment. *See* ECF 176, 236.

***Second***, Plaintiff seeks to seal deposition transcripts submitted in connection with the Oppositions, namely Exhibits 203–209, 211 to the Declaration of Eric Winston in Support of Plaintiff's Oppositions. The Court has already granted Plaintiff permission to seal such transcripts. *See* ECF 176 (requesting permission to seal deposition transcripts associated with Plaintiff's Motion for Summary Judgment); ECF 236 (granting Plaintiff's request in ECF 176); *see also* ECF 235 (order granting JPMorgan's request to seal deposition excerpts, among other documents). For the same reasons, and consistent with those rulings, the transcripts should remain sealed here.

***Third,*** Plaintiff seeks to seal the expert rebuttal report of Bruce A. Markell, Ex. 212 to the Declaration of Eric Winston in Support of Plaintiff's Oppositions. Mr. Markell's report analyzes and restates confidential business information, the disclosure of which, could risk hurting Plaintiff or Defendants' business. Expert reports are routinely sealed by this Court when they include such confidential information. *See Falberg v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (permitting the sealing of "expert reports prepared in th[e] case that analyze, quote, and rely on confidential information and documents produced . . . pursuant to the Protective Order."); *Venture Grp. Enters., Inc. v. Vonage Bus. Inc.*, 2022 WL 14758287, at *1 (S.D.N.Y. Oct. 25, 2022) ("[C]ertain expert reports may be filed under seal.").

***Fourth,*** Plaintiff seeks to seal email exhibits that contain its confidential business information or reflect confidential negotiations, namely Exhibits 191–192 to the Declaration of Eric Winston in Support of Plaintiff's Oppositions. Sealing is warranted because the exhibits, and the portions of Plaintiff's papers that discuss them, contain "confidential business information," and disclosure would place Plaintiff "at risk of competitive harm." Accordingly, "there is compelling justification for sealing the documents containing such information," and Plaintiff's "interest in keeping confidential its highly sensitive business and financial information is sufficient to tip the scale in favor of sealing the documents that contain such information." *Emergency Physician Servs. of N.Y. v. UnitedHealth Grp., Inc.*, 2023 WL 8306746, at *1 (S.D.N.Y. Dec. 1, 2023) (Koeltl, J.).

Publicly disclosing the pricing, collateral, and concession strategies reflected in these materials would give Plaintiff's competitors an improper glimpse into its specific business information and strategies and would prejudice Plaintiff in future loan negotiations and restructurings. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal redactions to summary judgment papers and exhibits containing "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal quotations omitted); *Emergency Physician Servs. of N.Y.*, 2023 WL 8306746, at *2 (granting motion to redact portions of summary judgment reply brief and 56.1 statements discussing confidential agreements, including drafts, where disclosure would give competitors insight into the parties' and non-parties' confidential business dealings).

Courts also routinely seal documents reflecting confidential negotiations. *See id.*; *see also Frontier Airlines v. AMCK Aviation*, 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (sealing documents submitted in connection with summary judgment opposition reflecting internal and inter-party negotiations over a potential agreement, where disclosure would place the parties at a competitive disadvantage in future negotiations); *Skyline Steel LLC v. PilePro, LLC*, 101 F. Supp.

3d 394, 412-13 (S.D.N.Y. 2015) (granting motion to seal summary judgment exhibits consisting of emails revealing confidential negotiations between movant and a customer).

## III. MATERIALS DESIGNATED BY DEFENDANTS SHOULD BE PROVISIONALLY SEALED

Plaintiff also seeks permission to provisionally file under seal materials that Defendants have designated "Confidential" or "Highly Confidential" under the parties' protective order, as well as materials that, though produced or authored by Plaintiff, contain or reference information belonging to Defendants that Defendants have treated as confidential in this action and previously sought to seal (ECF 165, 195). Namely, Exhibits 187, 189, 191–198 to the Declaration of Eric Winston in Support of Plaintiff's Oppositions. These materials consist of the exhibits listed, together with the portions of the Oppositions, Rule 56.1 Responses, and supporting declarations that reference them. Accordingly, Plaintiff moves to provisionally seal or redact these materials for the reasons to be set forth in Defendants' forthcoming letter, which is due November 2, 2026.

* * *

For the reasons set forth above, Plaintiff respectfully requests that the Court (i) seal the portions of the Oppositions, Rule 56.1 Responses, supporting declarations and exhibits; and (ii) provisionally seal or redact the exhibits, and the portions of the Oppositions, Rule 56.1 Responses, and supporting declarations, that Defendants have designated as "Confidential" or "Highly Confidential" under the protective order, or that contain information Defendants have treated as such

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Eric Winston