FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Direct Line: +1.212.859.8000
Email: janice.macavoy@friedfrank.com
October 30, 2026

***Via ECF***
Honorable John G. Koeltl, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.
11/2/26

Re: *SOL-MM III LLC v. JPMorgan Chase Bank, N.A., et al., No. 1:23-cv-06479 (JGK)*

Dear Judge Koeltl:

We write on behalf of Defendants JPMorgan Chase Bank, N.A. ("JPM"), WE Tahoe 1 LLC, and WE Tahoe 2 LLC (the "JPM Defendants"), pursuant to Your Honor's Individual Practices VII.A.2, to request the Court's permission to file under seal certain exhibits (the "Confidential Exhibits") (1) to the declaration of Janice Mac Avoy in opposition to Plaintiff SOL-MM III LLC's ("Plaintiff") motion for summary judgment (the "Mac Avoy Declaration"); and (2) to the declaration of William J. Trunk in opposition to Plaintiff's motion to exclude the opinions and testimony of Ronald F. Greenspan (the "Trunk Declaration"), filed today, on consent of all parties.

The JPM Defendants seek to seal (1) 9 non-public, commercially sensitive Confidential Exhibits containing documents produced and designated confidential by JPM (Exs. 195-198, 203, 206 210, 220, and 221 to the Mac Avoy Declaration), (2) 9 Confidential Exhibits produced and designated confidential by other parties and non-parties (Exs. 204, 207, 211-213, 216-219 to the Mac Avoy Declaration), under the Stipulation and Protective Order dated May 5, 2025, ECF No. 141 (the "Protective Order"); and (3) excerpts from 2 deposition transcripts (Exs. A and B to the Trunk Declaration) containing information from and references to the Confidential Exhibits described herein and the previously filed confidential exhibits already sealed by the Court. (ECF Nos. 230-239). The JPM Defendants also request the Court's permission to redact references to the content of the Confidential Exhibits and the previously filed confidential exhibits contained in (1) the JPM Defendants' memorandum of law in opposition to Plaintiff's motion for summary judgment (the "Opposition"); (2) the JPM Defendants' response to Plaintiff's Rule 56.1 Statement of Material Facts (the "Response to SOMF"); (3) Confidential Exhibits 199, 201, 202, and 222 to the Mav Avoy Declaration (certain deposition excerpts); (4) the memorandum of law in Opposition to Plaintiff's motion to exclude the opinions and testimony of Ronald F. Greenspan (the "Greenspan Opposition"); and (5) the memorandum of law in support of the JPM Defendants' motion to strike or disregard portions of the declaration of Hakjae Kim (the "Motion to Strike").

Case 1:23-cv-06479-JGK Document 249 Filed 10/30/26 Page 2 of 4



## I. Sealing Confidential Exhibits Including the JPM Defendants' Commercially Sensitive Information

Courts may seal records under their "inherent equitable powers . . . over their own process, to prevent abuses, oppression, and injustices." *Int'l Prods. Corp. v. Koons*, 325 F.2d 403, 407-408 (2d Cir. 1963). Although documents filed on the docket carry a presumption of public access, documents may be sealed where "higher values necessitate a narrowly tailored sealing." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 113, 116 (2d Cir. 2006). This presumption turns on the material's role in the exercise of Article III judicial power and its resulting value to court-watchers, balanced against competing interests, such as privacy. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016).

The JPM Defendants request the sealing of documents filed as Confidential Exhibits produced and designated as confidential by JPM containing: (1) JPM's negotiation strategies with respect to the financing of the Project, and (2) JPM's Project-related internal investment and enforcement strategies—all confidential, commercially sensitive business information that would irreparably harm JPM and unfairly advantage JPM's competitors if made public.

***First***, Confidential Exhibits 203, 210, 220, and 221 contain highly sensitive information concerning JPM's confidential negotiations with the Project's borrowers and junior lenders about Project financing. These emails were exchanged solely to advance negotiations, and thus, contain proprietary information demonstrating JPMorgan's business strategy, style, and priorities. If these documents were made public, JPM's competitors, borrowers, and counterparties would unfairly gain insight into JPMorgan's negotiation strategy and style, harming JPM's future lending business. These high-stakes business factors warrant sealing here. *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp.3d 394, 412-13 (S.D.N.Y. 2015); *Alix v. McKinsey & Co., Inc.*, 739 F.Supp.3d 172, 194 (S.D.N.Y. 2024). This request is narrowly tailored because the JPM Defendants only seek to seal a document that contains insight into the *negotiation strategies* for the loan agreements at issue.

***Second***, Confidential Exhibits 195, 196, 197, 198, and 206 contain JPM's and/or its co-lenders' business strategies for protecting their investments, including presentations for JPM's investment committee, Project updates containing business commentary, and negotiation materials and notes. Disclosing these documents would reveal JPM's sensitive business strategy to competitors. Sealing is therefore warranted because the records are "sufficiently valuable and secret to afford an actual or potential economic advantage over others." *Ramirez v. Temin & Co., Inc.*, No. 20 Civ. 6258 (ER), 2020 WL 6781222, at *6 (S.D.N.Y. Nov. 18, 2020) (sealing where "public access... could alter the Firm's competitive position"); *Fairstein v. Netflix*, Inc., No. 20-cv-8042, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (sealing internal metrics, marketing campaign details, and contracts); *FuboTV Inc. v. Walt Disney Co.*, No. 24-CV-01363 (MMG), 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024); *Locus Tech. v. Honeywell Int'l*

Case 1:23-cv-06479-JGK Document 249 Filed 10/30/26 Page 3 of 4



*Inc.*, No. 19 Civ. 11532 (PGG) (KHP), 2024 WL 5103334, at *6 (S.D.N.Y. Dec. 13, 2024); *Hesse v. SunGard Systems Intern.*, No. 12 Civ. 1990 (CM) (JLC), 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013).

The JPM Defendants recognize the importance of narrowly tailoring any request that this Court permit the sealing (or redacting) of documents. *Lugosch*, 435 F.3d at 125-26. Accordingly, the JPM Defendants carefully scrutinized each of the 13 JPM-produced exhibits in the Declaration—all of which were originally designated "Confidential" or "Highly Confidential" under the Protective Order—and determined that only 9 JPM exhibits contained the non-public, proprietary business information necessitating a request to seal. Only the Confidential Exhibits identified in this request have the potential to harm JPM's future business endeavors, and thus, sealing this limited number of documents is appropriate.

## II. Sealing Exhibits Designated Confidential by Other Parties and Non-Parties

The JPM Defendants have sought to file Exhibits designated "Confidential" pursuant to the Protective Order that were produced by other parties and non-parties, consisting of Confidential Exhibits 204, 211, 212, and 213, 216, 217, 218, and 219 produced by Amercam, LLC, and Exhibit 207, produced by Western Asset Management Company. To protect the confidentiality of these protected materials, and in accordance with the Protective Order and Your Honor's Individual Practices VII A.2, we conferred with both parties and their undersigned counsel before filing our motion for summary judgment on September 18, 2026. During that meeting, both parties specifically requested that all the Confidential Exhibits they produced should be filed under seal. ECF No. 165.

The JPM Defendants take no position on whether these documents should be sealed. The JPM Defendants submit this letter motion to allow these parties the opportunity to move to seal pursuant to Your Honor's Individual Practice VII.A.2. The JPM Defendants notified these parties that, within three days, they must file a letter explaining any need to seal or redact.

## III. Sealing or Redacting Documents Containing References to the Confidential Exhibits

The JPM Defendants also seek to seal Exhibits A and B to the Trunk Declaration (certain deposition excerpts) and redact portions of (1) the Opposition, (2) the Response to SOMF, (3) the Greenspan Opposition, (4) the Motion to Strike, and(5) Confidential Exhibits 199, 201, 202, 222 to the Mac Avoy Declaration, (certain deposition excerpts), all of which contain material references and/or direct quotes to the aforementioned Confidential Exhibits or the previously filed confidential exhibits already sealed by the Court. (ECF Nos. 230-239). These sealing and redaction requests are narrowly tailored only to preserve the confidentiality of these Confidential Exhibits and the previously filed confidential exhibits. *See Ramirez*, 2020 WL 6781222, at *6; *Fairstein*, 2023 WL 6164293, at *4.

Case 1:23-cv-06479-JGK Document 249 Filed 10/30/26 Page 4 of 4



Respectfully yours,

Janice Mac Avoy

Cc: All Counsel of record, via ECF