FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

APPLICATION GRANTED
SO ORDERED

11/3/26 John G. Koeltl, U.S.D.J.

Direct Line: +1.212.859.8000
Email: janice.macavoy@friedfrank.com
November 2, 2026

***Via ECF***
Honorable John G. Koeltl, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

Re: *SOL-MM III LLC v. JPMorgan Chase Bank, N.A., et al., No. 1:23-cv-06479 (JGK)*

Dear Judge Koeltl:

We write on behalf of Defendants JPMorgan Chase Bank, N.A. ("JPM"), WE Tahoe 1 LLC, and WE Tahoe 2 LLC (the "JPM Defendants"), pursuant to Your Honor's Individual Practices VII.A.2, to request the Court's permission to keep sealed certain exhibits (the "PX Confidential Exhibits") to the declaration of Eric Winston, ECF Nos. 258 and 259, in support of SOL-MM III LLC's ("Plaintiff") memorandum of law in support of opposition to the JPM Defendants' motion for summary judgment (the "Opposition"), filed on October 30, 2026, and provisionally sealed on consent of all parties. The JPM Defendants request that three non-public, commercially sensitive PX Confidential Exhibits remain sealed, all of which are documents JPM produced and designated confidential under the Stipulation and Protective Order dated May 5, 2025, ECF No. 141 (the "Protective Order"). Moreover, the JPM Defendants request that certain redacted documents filed by Plaintiff and Ameream LLC ("Ameream"), Meadow A-B Office LLC, Meadow C-D Office LLC, Meadow Hotel LLC, and Meadow Baseball LLC's (the "Ameream Defendants") on October 30, 2026 that reference the PX confidential Exhibits and previously filed confidential exhibits already sealed by the Court (ECF Nos. 230-239) remain redacted.

## I. <u>Sealing PX Confidential Exhibits With Commercially Sensitive Information</u>

Courts may seal records under their "inherent equitable powers . . . over their own process, to prevent abuses, oppression, and injustices." *Int'l Prods. Corp. v. Koons*, 325 F.2d 403, 407-408 (2d Cir. 1963). Although documents filed on the docket carry a presumption of public access, documents may be sealed where "higher values necessitate a narrowly tailored sealing." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 113, 116 (2d Cir. 2006). This presumption turns on the material's role in the exercise of Article III judicial power and its resulting value to court-watchers, balanced against competing interests, such as privacy. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). Accordingly, the JPM Defendants request the continued sealing of PX Confidential Exhibits containing: (1) JPM's negotiation strategies with respect to the financing of the American Dream Mall project (the "Project"), and (2) JPM's Project-related internal investment and enforcement

strategies—all confidential, commercially sensitive business information that would irreparably harm JPM and unfairly advantage JPM's competitors if made public.

***First***, PX Confidential Exhibit 189 contains highly sensitive information concerning JPM's confidential negotiations with the Project's borrowers and junior lenders about Project financing, as it is a draft term sheet. This document was exchanged solely to advance negotiations, and thus, reveals JPM's business strategy, style, and priorities. If made public, JPM's competitors, borrowers, and counterparties would unfairly gain insight into JPM's negotiation strategy and style, harming JPM's future lending business. These high-stakes business factors warrant sealing here. *Skyline Steel, LLC v. PilePro, LLC*, 101 F.Supp.3d 394, 412-13 (S.D.N.Y. 2015); *Alix v. McKinsey & Co., Inc.*, 739 F.Supp.3d 172, 194 (S.D.N.Y. 2024).

***Second***, PX Confidential Exhibits 195 and 197 contain email communications concerning JPM's business strategies for protecting its investments, including Project updates containing business commentary, and negotiation materials and notes. Disclosing these documents would reveal JPM's sensitive business strategy to competitors. Sealing is therefore warranted because the records are "sufficiently valuable and secret to afford an actual or potential economic advantage over others." *See e.g., Ramirez v. Temin & Co., Inc.*, No. 20 Civ. 6258 (ER), 2020 WL 6781222, at *6 (S.D.N.Y. Nov. 18, 2020); *Fairstein v. Netflix*, Inc., No. 20-cv-8042, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023); *FuboTV Inc. v. Walt Disney Co.*, No. 24-CV-01363 (MMG), 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024).

The JPM Defendants recognize the importance of narrowly tailoring any request for sealing. *Lugosch*, 435 F.3d at 125-26. Accordingly, the JPM Defendants carefully scrutinized each document that Plaintiff provisionally sealed and only request to keep sealed the above-detailed PX Confidential Exhibits that could potentially harm JPM's future business strategy if disclosed. That does not include PX Confidential Exhibits: 193 and 196.

## II. <u>Redacting References to PX Confidential Exhibits</u>

Plaintiff and Ameream LLC ("Ameream"), Meadow A-B Office LLC, Meadow C-D Office LLC, Meadow Hotel LLC, and Meadow Baseball LLC's (the "Ameream Defendants") also provisionally redacted references to the PX Confidential Exhibits and previously filed confidential exhibits already sealed by the Court (ECF Nos. 230-239) in: (1) Plaintiff's memorandum of law in opposition to the JPM Defendant's motion for summary judgment, ECF No. 246; (2) Plaintiff's counterstatement to the JPM Defendants' Rule 56.1 statement, ECF No. 244; (3) the declaration of Hakjae Kim in opposition to JPM Defendants' and Ameream Defendants' motions for summary judgment, ECF No. 263; (4) the declaration of Christine Kim in opposition to JPM Defendants' and Ameream Defendants' motions for summary judgment, ECF No. 267; (5) the declaration of Bonnie Rawlins in opposition to the JPM Defendants' and Ameream Defendants' motions for summary judgment, ECF No. 271; and (6) the Ameream Defendants response to Plaintiff's Rule 56.1 statement.

The JPM Defendants request the Court's permission to keep these references to the PX Confidential Exhibits and the previously filed confidential exhibits redacted.

Respectfully yours,

Janice Mac Avoy

Cc: All Counsel of record, via ECF