FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Fried Frank

Direct Line: +1.212.859.8676
Email: Justin.Santolli@friedfrank.com
November 2, 2026

VIA ECF

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

APPLICATION GRANTED
SO ORDERED

11/3/26

John G. Koeltl, U.S.D.J.

Re: SOL-MM III LLC v. JPMorgan Chase Bank, N.A., et al., Case No. 1:23-cv-06479 (JGK)

Dear Judge Koeltl:

We represent non-party AB ADM Syndicate Joint Venture LP ("AB ADM") in the above-referenced action. Plaintiff SOL-MM III LLC ("Plaintiff") has informed AB ADM that they have filed certain documents AB ADM produced in discovery under seal in connection with the parties' filings on October 30, 2026. AB ADM respectfully requests that the Court permit the following two documents that Plaintiff filed to be maintained under seal: PX-206 (Deposition of Nydick Excerpts); and PX-187 (ABADM_00032427).

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," that right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (cleaned up). Such competing considerations include "the privacy interests of those resisting disclosure." *Id.* at 120. To that end, courts in this District routinely seal or permit redaction of confidential business and financial information, particularly where, as here, a non-party's sensitive financial data and valuations would be exposed. *See, e.g., Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264 (S.D.N.Y. June 17, 2020) (finding "that the asserted interests in protecting non-party privacy, proprietary business information, and banking records outweighs the public's right to access certain portions of the materials at issue"); *In re Amazon.com. Inc. eBook Antitrust Litig.*, 2026 WL 2654646 (S.D.N.Y. Sept. 9, 2026) (granting sealing of non-party Barnes & Noble's confidential business information — including specific commission rates, marketing fees, co-op fees, and data fees contained in confidential agreements with publishers).

Each document at issue contains AB ADM's non-public, commercially sensitive financial information, including asset and project-level valuations, capital structure, and detailed income and expense data for AB ADM properties. For example, PX-187 (ABADM_00032427) sets forth net asset values and net operating income projections for specific assets, and PX-206 includes deposition excerpts reflecting loan amounts and internal projected values of various assets. The

Court had previously allowed AB ADM to seal other portions of the same deposition transcript and documents containing similar types of information in PX-187.

Public disclosure of this information would cause competitive and commercial harm to AB ADM. Disclosure of specific project valuations, capital structure terms, and granular cost and revenue data could be used by competitors, counterparties, tenants, and lenders to AB ADM's disadvantage in future negotiations and transactions, and would reveal financial information that AB ADM has consistently treated as confidential and has never made public.

The requested sealing is narrowly tailored. AB ADM does not seek to seal the parties' summary judgment briefs or the record generally, but only the two discrete documents identified above. For the foregoing reasons, AB ADM respectfully requests that the Court permit PX-206 (Deposition of Nydick Excerpts); and PX-187 (ABADM_00032427) to be maintained under seal in connection with the parties' summary judgment briefing.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Justin J. Santolli

Justin J. Santolli

Cc: Counsel of Record (via ECF)