# CHOATE

Sheron Korpus
t (646) 632-9135
skorpus@choate.com

November 2, 2026

**VIA ECF**

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.

11/3/26

Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007

RE: *SOL-MM III LLC v. JPMorgan Chase Bank, N.A. et al.*
No. 1:23-cv-06479 (JGK)

Dear Judge Koeltl:

We represent Defendants Ameream LLC ("Ameream"), Meadow A-B Office, LLC, Meadow C-D Office LLC, Meadow Hotel LLC, and Meadow Baseball LLC (collectively, the "Outparcel Entities" and, together with Ameream, the "American Dream Defendants") in the above-referenced action. Together with Canadian counsel at Fasken Martineau DuMoulin LLP, we also represent former Defendants New WEM Holdings Affiliate 1 Ltd. ("WEM-1"), New WEM Holdings Affiliate 2 Ltd. ("WEM-2") and New WEM Holdings Ltd. ("WEM-3" and, together with WEM-1 and WEM-2, the "WEM Guarantors") in connection with documents and testimony the WEM Guarantors provided pursuant to subpoenas from Plaintiff SOL-MM III LLC ("Plaintiff") in this matter. We write pursuant to Your Honor's Individual Practices VII.A.2 to request that the Court maintain under seal three exhibits (**PX-191**, **PX-198** and **PX-207**) that were provisionally filed under seal by Plaintiff and eight exhibits (JPM Exhibits **204, 211, 212, 213, 216, 217, 218,** and **219**) that were provisionally filed under seal by Defendants JPMorgan Chase Bank, N.A., WE Tahoe 1, LLC and WE Tahoe 2, LLC (together, the "JPMorgan Defendants") on Friday, October 30 in connection with their responses to the parties' respective motions for summary judgment.

The American Dream Defendants and the non-party WEM Guarantors are mindful of the presumption of public access that generally applies to exhibits filed in connection with motions for summary judgment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 116, 119-20 (2d Cir. 2006). However, the Second Circuit has recognized that, notwithstanding that presumption,

documents may be sealed where "higher values necessitate a narrowly tailored sealing." *Id.* As discussed below, the American Dream Defendants and the non-party WEM Guarantors make a narrowly tailored request to maintain under seal documents containing confidential information with respect to (1) non-public financial information concerning the American Dream Mall, the West Edmonton Mall, and/or the Mall of America, including financial statements, draft investment proposals, and competitively sensitive emails; and (2) documents—including emails and draft transaction documents—reflecting the American Dream Defendants' confidential negotiation strategies.

Courts may seal records that are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334, at *6, *8 (S.D.N.Y. Dec. 13, 2024) (sealing internal financial statements and communications that could provide "valuable insights" into company's current business practices "that a competitor would seek to exploit"); *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (granting request to seal confidential acquisition terms and related competitively sensitive financial information); *Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *7 (S.D.N.Y. Nov. 18, 2020) (sealing information that "could alter the Firm's competitive position in the consulting market"); *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011) (granting request to seal material concerning defendants' marketing strategies, costs and budgeting).

**<u>Documents Containing Confidential Non-Public Financial Information</u>**

The American Dream Defendants request that the Court maintain under seal the following documents that were produced by the American Dream Defendants, designated "Confidential" under the Protective Order, and which contain confidential, non-public financial information concerning the American Dream Mall and the Mall of America: **PX-198** (email chain discussing American Dream project reserve account); **JPM Ex. 216** (email attaching Loan Modification Agreement for Mall of America); **JPM Ex. 217 and JPM Ex. 218** (emails attaching financial statements for Mall of America); **JPM Ex. 219** (email attaching confidential rent roll for American Dream).

The financial statements and other documents referenced above contain, among other things, detailed non-public information concerning the revenues, expenses, indebtedness, reserves, capital expenditures, tenant-related receivables, and operating performance of the Mall of America and the American Dream Mall. Although the statements concern prior reporting periods, they disclose multi-year operating trends, cost structures, leverage, liquidity, and other financial benchmarks that remain commercially useful to existing and prospective tenants, lenders, insurers, vendors, investors, purchasers, and other counterparties. Public disclosure would permit those parties to assess the American Dream Defendants' historical financial and negotiating position using information that is not otherwise available to them, thereby placing the American Dream Defendants at a material disadvantage in continuing commercial negotiations. The American Dream Defendants have maintained this information as confidential and disclosed it in this proceeding only subject to the Protective Order.

Finally, the American Dream Defendants and the WEM Guarantors also seek to maintain under seal portions of the Rule 30(b)(6) Deposition of Michael Oseen (**PX-207**) that were filed by Plaintiff under seal and which contain material references to and/or direct quotes from confidential and competitively sensitive financial and ownership information of the American Dream Defendants and/or the WEM Guarantors. The WEM Guarantors are non-parties that provided this testimony pursuant to compulsory discovery; they have not placed this confidential information before the Court in pursuit of affirmative relief.

**Confidential Documents Revealing Negotiation Strategies**

The American Dream Defendants also request that the Court maintain under seal the following documents that reflect confidential restructuring proposals for the American Dream Mall and which would reveal the confidential negotiating strategy of the American Dream Defendants, including emails, term sheets, and draft proposals: **PX-191**; **JPM Ex. 204, JPM Ex. 211, JPM Ex. 212, JPM Ex. 213.**

This Court previously granted the American Dream Defendants' request to maintain similar documents under seal. (*See* Orders, ECF Nos. 232, 233.)

Sincerely,

/s/ *Sheron Korpus*

Sheron Korpus

cc: All Counsel of Record (via ECF)