**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3602**

WRITER'S EMAIL ADDRESS
**ericwinston@quinnemanuel.com**

November 3, 2026

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

APPLICATION GRANTED
SO ORDERED

11/4/26.
John G. Koeltl, U.S.D.J.

Re: SOL-MM III LLC v. JPMorgan Chase Bank, N.A., et al., No. 1:23-cv-06479-JGK

Dear Judge Koeltl:

We write on behalf of non-party Western Asset Management Company LLC ("WAMCO") in response to Defendants' filing under temporary seal of an exhibit to the Declaration of Janice Mac Avoy (the "Mac Avoy Declaration," ECF 260) in Opposition to Plaintiff's Motion for Summary Judgment ("JPMorgan Opposition"). The exhibit contains WAMCO's confidential information. WAMCO is not a party to this action, yet it has been required to produce a substantial volume of documents and to prepare and produce a corporate representative for deposition as a result of litigation between other parties.

Pursuant to the Court's Standing Order Re: Electronic Filing Under Seal in Civil and Miscellaneous Cases (19-MC-00583), the Court's Electronic Case Filing Rules & Instructions § 6, and Section VII of Your Honor's Individual Rules, WAMCO files this letter to explain the basis for continued sealing of an exhibit containing WAMCO's confidential information that was temporarily filed under seal in connection with the JPMorgan Opposition.

A party's interest in preserving competitively sensitive business operations frequently merits sealing, even under the "compelling reasons" standard for sealing summary judgment papers. *See, e.g.*, *Lazaar v. Anthem Cos.*, 2025 WL 2773944, at *12 (S.D.N.Y. Sept. 29, 2025) (on summary judgment, granting motion to seal); *Old Slip Benefits & Ins. Servs., LLC v. Allstate Ins. Co.*, 2026 WL 2271929, at *2 (S.D.N.Y. Aug. 6, 2026) (sealing information about defendant that "[a] competitor could exploit . . . to gain insight into [defendant's] current business practices"). To this end, courts in the Southern District of New York "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information" because "if publicly revealed, sensitive business information could undercut a business's competitive advantage." *Hayden v. IBM Corp.*, 2026 WL 1266363, at *3 (S.D.N.Y.

May 8, 2026) (quoting *In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) and *Brunckhorst v. Bischoff*, 2024 WL 4276201, at *3 (S.D.N.Y. Sept. 24, 2024)).

WAMCO requests that the Court continue to seal **ECF 260, Exhibit 207** (WAMCO_00103529) in its entirety. Exhibit 207 shows WAMCO's proprietary internal valuation methodology. Public disclosure would harm WAMCO competitively by revealing the specific assumptions and pricing judgments WAMCO applies to debt positions, allowing competitors to replicate that approach and undermining WAMCO's ability to negotiate favorable terms in future transactions. Courts routinely seal such information. *See, e.g.*, *Vida Longevity Fund, LP v. Lincoln Life & Annuity Co. of N.Y.*, 2024 WL 1349221, at *7 (S.D.N.Y. Mar. 29, 2024) (granting the majority of the parties' motions to seal summary judgment papers "because they reference or contain internal pricing methodologies, confidential internal communications, specific features of proprietary insurance products, and various other proprietary methodologies").

For the reasons set forth above, WAMCO respectfully requests that the Court continue to seal Mac Avoy Declaration Exhibit 207.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Eric Winston