**quinn emanuel trial lawyers | los angeles**

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3602**

WRITER'S EMAIL ADDRESS
**ericwinston@quinnemanuel.com**

November 20, 2026

**VIA ECF**

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.

11/21/26

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: SOL-MM III LLC v. JPMorgan Chase Bank, N.A., et al., No. 1:23-cv-06479-JGK

Dear Judge Koeltl:

We respectfully write on behalf of Plaintiff SOL-MM III, LLC ("Plaintiff") to request permission to redact, and to file under seal, portions of Plaintiff's (i) Reply in Further Support of Its Motion for Summary Judgment and in Opposition to the JPMorgan Defendants' Motion for Summary Judgment; (ii) Reply in Further Support of Its Motion for Summary Judgment and in Opposition to the American Dream Defendants' Motion for Summary Judgment; (iii) Reply in Further Support of Its Motion to Exclude the Testimony of Mr. Sussman; and (iv) Reply in Further Support of Its Motion to Exclude the Testimony of Mr. Greenspan (collectively, the "Replies"), their supporting papers, and certain exhibits thereto. Plaintiff makes this request pursuant to the Court's Standing Order Re: Electronic Filing Under Seal in Civil and Miscellaneous Cases (19-MC-00583), the Court's Electronic Case Filing Rules & Instructions § 6, and Section VII of Your Honor's Individual Rules.

Plaintiff seeks to redact portions of the Replies and seal certain exhibits containing deposition transcript excerpts. These materials meet the applicable standard for sealing because they contain Plaintiff's commercially sensitive business information and the Court has previously granted sealing as to them.

To determine whether sealing is appropriate, courts in the Second Circuit apply the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents"; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access. *Id.* at 119–20. Only "[i]f the document is judicial in nature" does "a presumption

of access attach[] and the Court must determine the weight to afford this presumption." *K.A. v. City of New York*, 2025 WL 3074080, at *1 (S.D.N.Y. Nov. 3, 2025) (citing *Lugosch*, 435 F.3d at 119) (internal quotations omitted). Documents submitted in connection with a motion for summary judgment "are unquestionably judicial documents under the common law" and, accordingly, "documents used by parties moving for, or opposing summary judgment should not remain under seal *absent the most compelling reasons*." *Lugosch*, 435 F.3d at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Plaintiff requests permission to redact or file under seal two categories of material: (1) references in the Replies to exhibits that were already filed under seal; (2) deposition transcripts submitted as exhibits to the Replies.

***First,*** Plaintiff seeks to redact references in the Replies to figures and documents that the Court has previously permitted Plaintiff to file under seal. These references concern (a) Plaintiff's confidential business information and (b) materials that Defendants have designated "Confidential" or "Highly Confidential" under the parties' protective order, including materials that, though produced or authored by Plaintiff, contain or reference information that Defendants have treated as confidential in this action. The Court has previously granted Plaintiff permission to file such documents under seal. *See* ECF 236 (granting Plaintiff permission to file exhibits to Motion for Summary Judgment under seal); ECF 286 (granting Plaintiff permission to file exhibits to Summary Judgment Oppositions under seal).

Independently of the Court's previous permission, the categories of information warrant redaction as they contain Plaintiff's confidential business information. *See, e.g.*, *Lazaar v. Anthem Cos.*, 2025 WL 2773944, at *12 (S.D.N.Y. Sept. 29, 2025) (on summary judgment, granting motion to seal information on defendant's "internal processes and systems," noting that courts in this District "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information"); *Emergency Physician Servs. of N.Y. v. UnitedHealth Grp., Inc.*, 2023 WL 8306746, at *1 (S.D.N.Y. Dec. 1, 2023) (Koeltl, J.).

***Second,*** Plaintiff seeks to seal deposition transcript excerpts submitted in connection with the Replies, namely Exhibit C to the Declaration of Eric Winston in Support of Plaintiff's Reply to its Motion to Exclude the Testimony of Mr. Greenspan and Exhibit C to the Declaration of Eric Winston in Support of Plaintiff's Reply to its Motion to Exclude the Testimony of Mr. Sussman. The Court has already granted Plaintiff permission to seal such transcript excerpts. *See* ECF 176 (requesting permission to seal deposition transcripts associated with Plaintiff's Motion for Summary Judgment); ECF 236 (granting Plaintiff's request in ECF 176); ECF 286 (granting Plaintiff's request in ECF 242); *see also* ECF 235 (order granting JPMorgan's request to seal deposition excerpts, among other documents). For the same reasons, and consistent with those rulings, the transcript excerpts should remain sealed here.

* * *

For the reasons set forth above, Plaintiff respectfully requests that the Court (i) permit Plaintiff to redact the portions of the Replies and supporting declaration that reference materials previously filed under seal, and (ii) seal Exhibit C to the Declaration of Eric Winston.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Eric Winston