# CHOATE

Sheron Korpus
t (646) 632-9135
skorpus@choate.com

November 20, 2026

**VIA ECF**

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.
11/21/26

Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007

RE: *SOL-MM III LLC v. JPMorgan Chase Bank, N.A. et al.*
No. 1:23-cv-06479 (JGK)

Dear Judge Koeltl:

We represent Defendants Ameream LLC ("Ameream"), Meadow A-B Office, LLC, Meadow C-D Office, LLC, Meadow Hotel, LLC, and Meadow Baseball, LLC (collectively, the "Outparcel Entities") and, together with Ameream, the "American Dream Defendants") in the above-referenced action. We write pursuant to Your Honor's Individual Practices VII.A.2 to request that the Court allow the American Dream Defendants to provisionally seal or redact (1) portions of their Reply (the "AD Rule 56.1 Reply") to the Local Civil Rule 56.1(b) Statement of Additional Material Facts (ECF No. 247) filed under seal by Plaintiff SOL-MM III LLC; and (2) portions of their Reply Memorandum of Law (the "AD Reply Brief") that contain information that the parties have designated "Confidential" or "Highly Confidential" under the Stipulation and Protective Order dated May 5, 2025, ECF No. 141 (the "Protective Order").

By Order dated November 2, 2026 (ECF No. 286), this Court granted Plaintiff's motion (ECF No. 242) to file under seal or redact portions of Plaintiff's opposition to the Defendants' motions for summary judgment, including Plaintiff's Rule 56.1 Response. By Orders dated September 22 and 23 and November 2, 3, and 4, 2026, Court also granted motions to seal filed by Plaintiff, the American Dream Defendants and the JPMorgan Defendants in connection with their respective motions for summary judgment and opposition to other parties' motions for summary judgment. (ECF Nos. 230-33, 235, 238-39, 286-88, 290-93 together "the Sealing Orders").

The American Dream Defendants seek to seal (i) only those paragraphs of the AD Rule 56.1 Reply that quote, summarize, or reveal information contained in materials the Court has already ordered sealed pursuant to the Sealing Orders, (ii) the American Dream Defendants'

responses to those paragraphs; and (iii) only those portions of the AD Reply Brief that quote, summarize or reveal information contained in materials the Court has already ordered sealed pursuant to the Sealing Orders. Redacted public versions of the AD Rule 56.1 Reply and the AD Reply Brief are being filed contemporaneously herewith and sealed versions are being served on the parties via e-mail as previously agreed among the parties.

The portions of the AD Rule 56.1 Reply and the AD Reply Brief at issue here quote, paraphrase, or otherwise disclose the very information that the Court has already determined should remain under seal. Leaving those passages unredacted would permit the information protected by the Sealing Order to be reconstructed from the public docket and would defeat the relief the Court granted. The American Dream Defendants remain mindful of the presumption of public access that attaches to materials filed in connection with a motion for summary judgment, but that presumption yields where "higher values necessitate a narrowly tailored sealing." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The same considerations that supported sealing the underlying materials support sealing these passages. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (records that are "sources of business information that might harm a litigant's competitive standing" may be sealed); *Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334, at *6, *8 (S.D.N.Y. Dec. 13, 2024) (sealing internal financial statements and related communications); *Botterio v. Tessel*, 2025 WL 3718713, at *7 (S.D.N.Y. Dec. 23, 2025) (sealing external valuation report).

This request is narrowly tailored. The American Dream Defendants do not seek to seal the AD Rule 56.1 Reply or the AD Reply Brief in their entirety, but only the specific passages that reveal the protected information; the remainder of the filing is publicly available. Accordingly, the American Dream Defendants respectfully request that the Court grant this application and maintain under seal the identified portions of the AD Rule 56.1 Reply and the AD Reply Brief, consistent with the Sealing Orders.

Sincerely,

*/s/ Sheron Korpus*

Sheron Korpus

cc: All Counsel of Record (via ECF)